CASE 63—OCTOBER 4.

# Walker vs. McKay.

**APPEAL FROM JEFFERSON COUNTY COURT.**

1. The principle is well settled that a set-off, to be available, either at law or in equity, against an assignee, must have existed before notice of the assignment.

2. A surety, until he pays the money for his principal, has no available demand against him which amounts either to a set-off or an equitable discount.

3. A debt or demand cannot be used as a set-off until it becomes due; and unless it be due before notice of the assignment, it is not available against the assignee. (1 *Met.*, 112.)

4. The insolvency of the principal, at the time he assigns a note held by him upon the surety, does not entitle the latter to an equity against the note in the hands of the assignee, he not having paid the debt for which he was surety until after he had notice of the assignment. The mere fact that he was the surety of the assignor on another note, who was insolvent at the time the note sued on was assigned to the plaintiff, and also at the periods when both notes were executed, would not entitle the defendant to a set-off, nor constitute an equitable defense to an action on his note, either in the name of the assignor or assignee.

PIRTLE & BALLARD, for appellant, cited *Rev. Stat.*, *p.* 193, *sec.* 6; 1 *Blackford*, 226; 1 *Freeman's Chancery*, 273.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

J. B. Walker was surety for Caroline Walker on a note for $492 95, which became due on the 21st day of December, 1856.

After the execution of the note on which he was her surety, he executed to her a note for one hundred dollars, which note she assigned to McKay in March, 1857, it being then due and unpaid, and J. B. Walker was immediately thereafter notified of the assignment.

He was subsequently compelled to pay the note on which he was surety for Caroline Walker, she being insolvent, not only at the time she assigned the note to McKay, but also at the periods when both notes were executed.

McKay having sued upon the note assigned to him, J. B. Walker claims a right to set off against it so much of his demand against Caroline Walker for the money he paid as her surety as will satisfy and discharge it. His right to this set-off is the question to be decided.

The principle is well settled that a set-off, to be available, either at law or in equity, against an assignee, must have existed before notice of the assignment. Had the demand relied upon in this case as a set-off any existence at the time the defendant was notified of the assignment of his note? The principal does not become the debtor of the surety until the latter pays the debt for which he is liable as surety. He could not set up and rely upon the mere fact that he was surety, as entitling him to an equitable discount against his own note, even if it remained in the hands of his principal, who was insolvent, and the action had been brought upon it in her name. A surety, until he pays the money for his principal, has no available demand against him which amounts either to a set-off or an equitable discount. He may maintain an action against him to compel him to discharge the debt or liability for which he is bound, and may, under the provisions of the Civil Code, obtain any of the provisional remedies mentioned in title 8, upon the grounds and in the manner therein prescribed. (*Secs.* 728, 730.) But insolvency alone would not of itself enable him to resort to the use of any of these provisional remedies.

The doctrine that a debt or demand cannot be used as a set-off until it become due, and that unless it be due before notice of the assignment, it is not available against the assignee, is fully established by adjudged cases. (*Graham vs. Tilford & Barkley*, 1 *Met. Ky. Rep.*, 112, *and the cases there cited.*)

In the case of *Baker vs. McKim*, (*MS opinion, December term,* 1857,) it was decided by this court that the insolvency of the principal, at the time he assigned the note of the surety, did

not entitle the latter to an equity against the note in the hands of the assignee, he not having paid the debt for which he was surety until after he had notice of the assignment. The question in that case was the same precisely that is now presented in this one, and we are still of the opinion that it was then correctly decided.

And in the case of *Bowman, &c., vs. Halstead, &c.,* (2 *Marsh.,* 201,) the court held that an obligor in an assigned note could only rely upon an *existing* available defense against the note at the time he had notice of the assignment; and the fact that he was the surety of the assignor at the time of the assignment, and had been subsequently compelled to pay the debt for him, did not entitle him to any relief against the assignee.

The rights of a surety against his principal are two-fold. He may pay the debt, and thereby become his creditor, having a demand against him which he can assert by motion, or as a set-off, by way of defense. Or he may, without paying the debt himself, bring an action to compel his principal to pay it, in which action he may obtain an attachment upon any of the grounds mentioned in the 221st section of the Civil Code. The charge of insolvency alone is, however, insufficient to authorize an attachment to issue. (*Clarke, &c., vs. Seaton,* 18 *B. Mon.,* 230.) Nor does the mere insolvency of the principal furnish an equitable defense against the payment of a debt due to him by the surety.

The appellant not having paid the debt for which he was surety at the time he was notified of the assignment of his own note, had at that time no available set-off or defense against it. The mere fact that he was the surety of the assignor on another note, and that she was insolvent, would not constitute an equitable defense to an action on his note, either in the name of the assignor or the assignee.

Wherefore, the judgment is affirmed.