### ELIAS LATHROP *vs.* HANNAH BOWEN.

Worcester.   October 5, 1876.   COLT & MORTON, JJ., absent.

A motion to dismiss an action of replevin, for the insufficiency of the approval of the replevin bond, cannot be made after answer to the merits.

Under the Gen. Sts. *c.* 143, § 10, replevin lies for the unlawful detention of goods lawfully taken.

REPLEVIN of a horse, buggy and harness, of the value of $125. Trial in the Central District Court of Worcester, the judge of which allowed a bill of exceptions in substance as follows :

The writ was returnable December 11, 1875 ; service was made by E. J. Russell, deputy sheriff, and the approval of the replevin bond was signed " E. J. Russell." On February 15, 1876, the defendant filed an answer claiming the ownership and right of possession of the property, and denying that of the plaintiff ; and on February 18, 1876, during the trial, moved to dismiss the action for the alleged insufficiency of the approval of the bond, in that the bond showed no approval by an officer, but only by one E. J. Russell. This motion was overruled.

Evidence was offered by the plaintiff tending to show that he was the owner of the property named in the writ, that he negotiated with one Wingate for the sale thereof to him, but that the sale was not made, and that he did not part with his title to the property, and that said Wingate took the property from the stable, where it was kept, without the plaintiff's knowledge or consent, that he thereafter found the buggy and harness in the possession of the defendant, made a demand upon her for the delivery to him of said horse, buggy and harness, that she refused to deliver them up, claiming that she had purchased them of Wingate, and had a good title thereto, and further claiming that the horse was not in her possession, that it had been sold by her husband to a man in Vermont, and she could not tell where it could be found.

The defendant offered evidence tending to show that the plaintiff sold and delivered the horse, buggy and harness to Wingate, and that she purchased the same of him, that he delivered it to her, and received a part of the consideration therefor. The officer could not find the horse and replevied only the buggy and harness. The defendant requested the court to instruct the jury as follows :

" 1. The plaintiff to maintain his action must do it by producing testimony sufficient to maintain an action for trespass between the same parties. An unlawful taking of the property mentioned in the plaintiff's writ is a prerequisite to maintain this or any action of replevin. 2. To maintain an action of trespass, plaintiff must show an unlawful interference with, or an

unlawful exercise of dominion over, the property by the defendant. 3. There is no evidence, or not sufficient evidence, to show this.

The judge declined to give the instructions in the form requested; but did instruct the jury that if the plaintiff had proved to their satisfaction by a fair preponderance of the evidence that, at the time of the transaction with Wingate, he was the owner of the property replevied, that he did not sell or deliver it to Wingate, nor part with his title to it, that at the time of the commencement of his action the title to said property, and the right of immediate possession was in him, and that, before said action was commenced, he demanded the same of the defendant, and she refused to deliver it up to him, their verdict should be for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. In the Superior Court the instructions were affirmed, and the defendant entered the exceptions in this court.

*J. F. Manning*, for the defendant.

*F. T. Blackmer*, for the plaintiff, was not called upon.

BY THE COURT. The District Court, by the express terms of the act establishing it, has jurisdiction of civil actions in which the property replevied does not exceed $300 in value. St. 1872, c. 199, § 9. The motion to dismiss, after answering to the merits, was too late. *Simonds* v. *Parker*, 1 Met. 508. By our law, replevin lies for the unlawful detention of goods lawfully taken. Gen. Sts. c. 143, § 10. *Esson* v. *Tarbell*, 9 Cush. 407. The instructions were correct and sufficient.

*Exceptions overruled.*