## HENDERSON NATIONAL BANK v. LAGOW.

**Consideration of Contract.**

> The maker of a note has a right to give and the holder to accept, additional security for a note given for a pre-existing debt for which the maker was bound, and his desire to further secure the debt is a sufficient consideration to uphold the executed contract of assignment.

**Consideration for Assignment of Note.**

> The statute has not made the inadequacy of the consideration, or the absence of any consideration, for the assignment a valid defense to an action by an assignee, however the circumstances may affect the rights of the maker of the note and of the assignee, when the former sets up a defense or set-off arising after notice.

**Defense or Set-Off in Equity.**

> A party seeking to make a defense or set-off in equity beyond that given by the statute must show affirmatively the existence of the facts necessary to raise the equity.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

October 31, 1878.

OPINION BY JUDGE COFER:

Although the bank gave no new consideration for the assignment of the notes, Stapp had a right to give, and the bank to accept, additional security for the pre-existing debt for which Stapp was bound; and Stapp's desire to further secure the debt was a sufficient consideration to uphold the executed contract of assignment, and to vest the title to and beneficial interest in the notes in the bank. Being thus vested with the title to the notes, the bank might maintain an action on them against the maker, and, so far as mere legal defenses are concerned, its right to recover cannot be in any wise affected by the consideration on which the assignments to it were based.

The criterion by which to test a legal defense against an assignee is to suppose the note due and an action brought by the assignor at the time the maker received notice of the assignment, and then to inquire whether the matter relied on existed and could have been pleaded to that action. If it could not, then it constitutes no valid legal defense or set-off against the assignee, and the right to make it is not reversed to the maker by the statute, which only provides for such as existed, and could have been used against the assignor before notice of the assignment. *Walker v. McKay,* 2 Met. 294.

Applying this test to the defense pleaded in this case, it must be held not to be valid as a legal defense. It does not come within the statutory reservation. It did not exist, and could not have been used, against the assignor before notice of the assignment, for the debt to Holloway's executor had not then been paid, nor was it then due. If the notes sued on by the bank had been due and sued on by Stapp, and Lagow had been called on to plead the suit on the day on which he received notice of their assignment, the existence of Holloway's lien would not of itself have constituted a defense, either legal or equitable. Lagow, therefore, had no defense against the notes before he received notice of the assignment, and if he now has a defense it must have come into existence since that time, and is independent of the statute.

That the bank paid no new consideration for the assignment does not affect the question we are now considering. We have seen that it held the notes under an assignment valid between assignor and assignee, and against a maker who had no defense or set-off before notice of the assignment, which he could have made available against the assignor. It is immaterial upon what consideration the assignment may have been made; the bank is none the less an assignee invested with the title to the notes and a right to sue on them in its own name. The statute has not made the inadequacy of the consideration, or even the absence of any consideration at all, for the assignment a valid defense to an action by an assignee, however these circumstances may affect the rights of the maker of the note and of the assignee when the former comes to set up a defense or set-off, arising after notice.

But although the statute does not allow a defense or set-off, as existing and capable of being used against the assignor before notice of the assignment, to be used against the assignee, yet such defenses and set-offs may, nevertheless, be sometimes allowed upon equitable grounds independent of the statute. But a party seeking to make a defense or set-off in equity beyond that given by the statute must show affirmatively the existence of the facts necessary to raise the equity.

The bank parted with nothing, and Stapp received nothing for the assignment of the notes, and Lagow having, as we conclude from the evidence, paid the note due July 28, 1875, before notice of the assignment of the last two notes to the bank, and having been subsequently compelled to pay the debt to Holloway's executor, he

was thus, without fault on his part, placed in a position in which, if compelled to pay the two notes to the bank, he will be compelled to pay ten or twelve hundred dollars more than he agreed to pay, and to look to Stapp for reimbursement. Even though Stapp be solvent, Lagow will be placed in a worse condition than he would have occupied if his notes had not been assigned. But if the bank is not permitted to collect the amount of the note paid to Stapp in ignorance of the assignment, it will be in no worse condition than it was before it received the notes. It seems, therefore, not to be equitable to compel him to pay both notes to the bank, but he should at most only be required to pay the excess of the last three notes over the amount paid to extinguish Holloway's lien.

But his counsel contend that, having paid the note maturing January 28, 1875, to Stapp, and having also paid the Holloway lien, and as these, with former payments, exceed the price he agreed to pay for the property, he should not be required to pay anything to the bank. This is claimed on the ground that the bank paid nothing for the notes, and consequently is not a holder for value, and they cite *Lee's Adm'r v. Smead,* 1 Met. 28, and *Bay v. Coddington,* 5 Johnson's Ch. (N. Y.) 54, in support of their position.

Those cases are not like this. In the former the contest was between one who had assigned a note for collection, and a person who had received it from the assignee of the owner as collateral security for a pre-existing debt; and all that was decided was that the holder's title could not be upheld against the real owner on the ground that the note had been received for value in the regular course of business, and this is substantially the same as Bay v. Coddington.

But here Lagow owed both notes, and he also owed another to Stapp; and having already received notice of the assignment, and being then apprised of the existence of Holloway's lien, and knowing that if he paid the remaining note to Stapp, and should thereafter be compelled to pay that lien, nothing would remain for the bank, he paid to Stapp before maturity the note still held by him. Did he in this violate the rights of the bank?

At the time Lagow paid the note maturing January 28, 1875, to Stapp the debt to Holloway's executor was due, and Lagow might have paid the amount of that note to the executor and would have had a valid defense if sued by Stapp. He therefore had it in his power, by taking that course, to protect both himself and the bank to that extent.

It does not appear that Stapp was then insolvent, or that Lagow had any reason to suppose that he would not pay the Holloway debt; yet, as he had it in his power by paying the amount due on the note held by Stapp on that debt, and by taking that course, he could have secured the assignee, to that extent, against the hazard of loss by the subsequent insolvency of Stapp and his failure to remove the lien, we have reached the conclusion, though we confess not without some hesitation, that it was his duty to take that course, and that he should have been adjudged liable to the bank for whatever would, by that course, have been saved to it,—that is, the difference between the amount of the last three notes and the amount paid to remove Holloway's lien.

That the bank holds other securities which may be sufficient to satisfy its debt, we do not regard as material; but, if material, the burden was on Lagow to show the fact as one necessary to raise the equity he is asserting. Waterman on Set-off, Sec. 410.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*Judge Cofer filed, November* 19, 1878, *the following response of the court to the petition of counsel for appellee for a rehearing*:

We attempted to draw the distinction between a legal defense—that is, a defense authorized by the statute—and an equitable defense, or one which could be made independently of the statute. When counsel say Lagow's defense to the notes existed on the making of them, we are prepared to agree with them if they mean an equitable defense; but if they mean he had all the time a legal defense, then we think that they are in error. The deed contains no covenant against encumbrances, but merely a covenant of warranty, and of that covenant there was no breach until long after notice of the assignment; and if he had been sued by Stapp on any of the notes maturing before the debt to Holloway's executor he would have had no defense on account of the existence of that lien alone, because Stapp's contract had not been broken in any way, and in order to make a valid defense Lagow would have been compelled to show insolvency, non-residence, fraud, or some other equitable reason why the chancellor should interpose with his preventive process. As the chancellor only interferes with the assertion of legal rights so far as necessary to prevent injustice, one who sets up an equitable defense and appeals to the chancellor for aid must not only make out a case showing that, unless equity will interpose,

he will suffer injustice, but it must not appear that he had the means of indemnity in his own hands, for it is a maxim in equity that the negligent will not be assisted.

Lagow had it in his power to partially protect himself by paying the note maturing in January, 1875, to Holloway's executor, and thereby showing that he had been compelled to pay the residue of that lien and would lose it unless permitted to retain it out of the notes held by the bank. He would have had, not a legal, but an equitable defense pro tanto against these notes. But instead of this, he neglected to indemnify himself when he could have done so, and now asks the chancellor to indemnify him at the expense of the bank. In such a case the chancellor will treat Lagow as standing just where he would have stood if he had protected himself as far as lay in his power and will not permit him to cast upon the bank the loss that must result from his own laches.

We have not overlooked the fact that this case was tried at law, but treat it as an equity because the whole defense was equitable and not legal. That the note maturing January, 1875, was paid through the cashier of the appellant does not affect the question. The cashier did only what Lagow directed, and acted in the matter for him, and not for the bank.

Petition *overruled*.

*Vance & Merritt, for appellant.*

*J. W. Lockett, M. Yeaman, for appellee.*