## EDWARD HENSHAW *vs.* JOSEPH H COTTON.

Suffolk.    March 28. — June 24, 1879.    AMES & LORD, JJ., absent.

A magistrate has no authority, under the Gen. Sts. c. 124, to entertain the application of a debtor to take the oath that he does not intend to leave the state, after a similar application has once been heard and refused; and may be restrained by writ of prohibition from entertaining the second application.

PETITION for a writ of prohibition to restrain a master in chancery from proceeding to hear the application of M. F. Paige, a debtor arrested on mesne process, to take the oath that he did not intend to leave the state.

At the hearing before *Endicott*, J., it appeared that Paige was arrested on January 2, 1879, on a writ in an action of contract, in which the petitioner was plaintiff, and was taken before a magistrate, before whom he declared that he did not desire to take any oath, or to recognize or give bail for his appearance at any time; and he was accordingly committed to jail. On January 9, 1879, Paige applied to another magistrate to take the oath that he did not at the time of his arrest and at the date of the application intend to leave the state, and also to take the oath for the relief of poor debtors. That magistrate refused to discharge Paige, on the ground that he did at the time of his arrest and at the time of his examination intend to leave the state. On January 25, 1879, Paige applied to the respondent to

take an oath that "he does not intend to leave this state." At the time and place appointed for the hearing, the petitioner appeared specially, and objected to the respondent hearing the evidence and passing on the application of Paige, on the ground that the subject-matter thereof had been already determined. The respondent heard the parties, and decided that Paige was not estopped by the previous finding from applying to take the oath; and proceeded to hear the testimony, and was conducting the hearing up to the time of the filing of this petition.

The judge ruled that the respondent did not have jurisdiction to hear and determine Paige's application; and that a writ of prohibition was the proper remedy; and reported the case for the determination of the full court. If the rulings were correct, the writ was to issue; otherwise, the petition to be dismissed.

*E. Avery & G. M. Hobbs,* (*E. M. Johnson* with them,) for the respondent, cited Gen. Sts. *c.* 124, §§ 5, 12, 14, 17, 18, 23, 25, 26, 48; Sts. 1872, *c.* 281; 1873, *c.* 352; *Sweeney* v. *Gillooly,* 103 Mass. 549; *Perry* v. *Perry,* 2 Gray, 326; *Hayward, petitioner,* 10 Pick. 358; *Washburn* v. *Phillips,* 2 Met. 299; *Wertheimer* v. *Mayor, &c. of Boonville,* 29 Misso. 254; *Wilson* v. *Berkstresser,* 45 Misso. 283; *Browne* v. *Rowe,* 10 Tex. 183; High on Extraordinary Remedies, 557.

*M. F. Dickinson, Jr. & J. Fox,* for the petitioner.

GRAY, C. J. In order to warrant an arrest on mesne process in an action of contract, it is only necessary that the plaintiff, or some one in his behalf, should make affidavit of, and prove to the satisfaction of a magistrate, certain facts as to the plaintiff's cause of action and the defendant's property, and "that he believes, and has reason to believe, that the defendant intends to leave the state, so that execution, if obtained, cannot be served upon him." Gen. Sts. *c.* 124, § 1. The defendant, when so arrested, must be taken before a magistrate, who, if the defendant wishes it, is to issue notice to the plaintiff that the defendant desires to take the oath for the relief of poor debtors, or an oath that he does not intend to leave the state, or both these oaths; §§ 9, 12; and if the defendant "has given notice that he desires to take an oath that he does not intend to leave the state, he shall be examined in relation thereto, and any legal and perti-

nent evidence may be introduced by either party. If the magis-trate is satisfied that the defendant did not when arrested, and does not at the time of examination, intend to leave the state, he shall make certificate thereof, and discharge the defendant from arrest." § 18.

It will be observed, that, although the notice issued is of the defendant's desire to take an oath that he " does not " intend to leave the state, the magistrate, in order to discharge him from arrest, must be satisfied, not only that he does not at the time of examination, but that he "did not when arrested," intend to leave the state. The obvious purpose of this provision is, that, as the affidavit and proof that the defendant at the time of his arrest intends to leave the state, on which the arrest is made, are *ex parte*, the defendant shall have an opportunity to be heard and offer evidence upon the issue so presented by the plaintiff's affidavit. When that issue has been passed upon by the judg-ment of a magistrate on a hearing of both parties, it must be treated as finally determined for the purposes of the suit, unless there is some other provision of statute authorizing that issue to be raised and tried anew.

Upon examination of the statutes on the subject, with the aid of the elaborate argument of counsel, we find no such provision. On the contrary, § 25, which provides that if a debtor, arrested on mesne process in an action of contract, and carried before the magistrate, " on his examination, does not swear to the satisfaction of the magistrate that he does not intend to leave the state, and the oath for the relief of poor debtors is refused him, the magis-trate shall make a certificate thereof, and the defendant shall be conveyed to jail and there kept until final judgment in the suit in which he was arrested," is clearly inconsistent with the theory that the defendant, after having failed to satisfy one magistrate, upon a full hearing, that he did not, when arrested, intend to leave the state, should have the right to try that very question anew before another magistrate. The further provision of the same section that, " if the final judgment is against him, he shall be held for thirty days thereafter, in order that he may be taken on execution ; unless (if the oath for the relief of poor debtors has not been refused him) he recognizes " for his future appear-ance, " or gives bail, or bond as provided in section forty, or takes

the oath for the relief of poor debtors, or an oath that he does not intend to leave the state, or is discharged by the plaintiff;" does not prescribe how often the defendant may apply to take an oath that he does not intend to leave the state, or confer upon him any additional privilege in that regard, but merely gives him the same rights after, that he has before, the final judgment. The many provisions of the statute, referred to at the argument, authorizing and regulating renewed applications to take the oath for the relief of poor debtors, do but render the more significant the omission of any similar provision with regard to taking an oath that the defendant does not, and did not when arrested, intend to leave the state.

It follows that the respondent, in assuming to entertain the defendant's application to take the oath that he did not intend to leave the state, after a similar application had once been heard and refused, exceeded the authority conferred upon him by statute; and that, the facts upon which the question of law depends not being in dispute, a clear case is shown for granting a writ of prohibition, notwithstanding that, under the decision in *Hayward's case*, 10 Pick. 358, if the respondent should hereafter discharge the defendant, and thereby perhaps do irreparable mischief to the plaintiff, the proceedings might be quashed by writ of certiorari. *Mayor of London* v. *Cox*, L. R. 2 H. L. 239, 277, 278, 281, 282, 285. *Elston* v. *Rose*, L. R. 4 Q. B. 4. *Cooke* v. *Gill*, L. R. 8 C. P. 107, 116. *Quimbo Appo* v. *People*, 20 N. Y. 531. *Wall* v. *Court of Wardens*, 1 Bay, 434. *Warwick* v. *Mayo*, 15 Grat. 528. *Gilbert* v. *Hebard*, 8 Met. 129. *Connecticut River Railroad* v. *County Commissioners*, ante, 50.

*Writ of prohibition to issue.*