INHABITANTS OF HYDE PARK *vs.* GEORGE W. WIGGIN
& others.

Norfolk.   June 3, 1892. — June 27, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Town By-Law — Authority of Selectmen — Laying out of Highway — Prohibition.*

Under a by-law which provides that " the selectmen shall have full authority, as agents of the town, to employ counsel, to institute and prosecute suits in the name of the town, and to appear for and defend suits brought against it, unless otherwise specially ordered by vote of the town," the selectmen have authority to appear for the town at a hearing on a petition to the county commissioners for the laying out of a highway, and by reason of their participation therein upon the merits of the petition it is no longer open for the town to object that the proceedings were invalid for want of power in the board as constituted to make the order for the view and hearing and for the giving of notice.

The writ of prohibition will not be issued to a court having jurisdiction merely because its proceedings are irregular.

BARKER, J.   We are asked to prohibit the county commissioners of Norfolk County from proceeding further upon a petition representing that public convenience and necessity require Metropolitan Avenue in Hyde Park to be laid out as a highway. The commissioners, one of whom, Morrell, was a resident of Hyde Park, were sitting on May 20, 1890, in an adjourned regular meeting, when this petition was presented.   Thereupon Morrell retired from the room and from the deliberations of the board, and he has not either then or afterward acted on the petition.   Upon his withdrawal, no one then appearing in oppo-

sition, the other two commissioners made an order of notice, appointing the ninth day of the next July, and the office of the selectmen in Hyde Park, as the time and place for meeting and proceeding to view the route, and hearing and acting upon the petition, and this order was duly served upon the town. In pursuance of the order, the board, consisting of the two other commissioners and a qualified special commissioner, met and viewed the route, and by adjournments had hearings upon different days upon the merits of the petition, and on July 31, 1890, adjudged that common convenience and necessity required the way to be laid out, and appointed October 7, 1890, as the time when they would further view the premises and lay out the way.

The selectmen of Hyde Park, and other citizens and taxpayers of the town, appeared before the commissioners and opposed the laying out of the way at the hearings on the merits of the petition. The selectmen had no authority to appear for the town unless under a by-law which is as follows:

"Actions at Law. The selectmen shall have full authority, as agents of the town, to employ counsel, to institute and prosecute suits in the name of the town, and to appear for and defend suits brought against it, unless otherwise specially ordered by vote of the town."

On September 17, 1890, the town voted to refer the matter to the selectmen, "with full power to represent and protect the town's interest in any manner which they may deem legal, honorable, and proper."

At the meeting of October 7, 1890, the two commissioners and the special commissioner sitting, the selectmen in behalf of the town presented in writing its objections to any further action by the board. The commissioners declined to hear evidence in support of the objections, and thereupon the town withdrew from the hearing, and brought this petition for a writ of prohibition. The objections, so far as now insisted upon, were, in substance, that the board which received the petition was not properly constituted; that Morrell acted as one of the commissioners in issuing the order of notice; that no legal notice of the hearing was ordered or served; and that the adjudication was not legally made by a properly constituted board.

At the meeting of July 9, and the hearings on the merits prior to July 31, the petitioners for the way appeared, and also the town of Hyde Park, represented by an attorney and counsellor at law and by the selectmen; but there was no vote of the town in relation to the matter until that of September 17. At these hearings the selectmen claimed that the commissioners had no jurisdiction, because the avenue was a public way; but the commissioners found that it was a private way, and the town no longer controverts this point. No other objection was made, before the adjudication of July 31, to the jurisdiction of the commissioners, or to the validity of their proceedings; but neither the selectmen nor the counsel who appeared for the town knew of the facts pertaining to the issue of the notice until after that date.

In the agreed statement of facts, a preliminary question is reserved by the parties, whether, in view of the commissioners' record, evidence *aliunde* is admissible of the fact that Morrell retired from the meeting of May 20, 1890, upon the presentation of the petition, and took no further part in the proceedings.

But even if we assume that the order of notice was made by the full board of standing commissioners, or that it was not within the power of the two commissioners, after Morrell's withdrawal from the meeting, to make that order, we are of opinion that any objection on either ground is no longer open, in consequence of the appearance and participation of the selectmen, in behalf of the town, in the hearings upon the merits of the petition resulting in the adjudication of July 31.

In the first place, it is to be observed that the jurisdiction of the board is acquired, not by the issue or service of the order of notice, but by the presentation of the petition, which asks the board to act in a matter over which jurisdiction is given to it by the statutes. Jurisdiction attached upon the presentation of the petition, and was not lost, and could not be devested by the adoption of unauthorized or the omission of required steps on the part of the board. The office of the order was to enable the petitioners for the way, and all other persons interested in the possible action of the board, to know when and where they might attend upon it, to make known and protect their rights in the matter. As the meeting was appointed to be held at

the office of the selectmen, and after a reasonable interval, it is evident that the order gave the town the same opportunity to appear and to protect its rights as one made by a full board of competent commissioners. In either case, the irregularity is therefore one which, upon sound principles, may be waived by the parties interested, or cured by a general appearance and participation in the subsequent proceedings, without objection to the invalidity of the notice. *Commonwealth* v. *Westborough*, 3 Mass. 406. *Ripley* v. *Warren*, 2 Pick. 592. *New Salem, petitioner*, 6 Pick. 470, 473. *Freetown* v. *County Commissioners*, 9 Pick. 46, 50. *Ipswich* v. *County Commissioners*, 10 Pick. 519. *Copeland* v. *Packard*, 16 Pick. 217, 220. *Rutland* v. *County Commissioners*, 20 Pick. 71, 80. *Hancock* v. *Boston*, 1 Met. 122, 125. *Whately* v. *County Commissioners*, 1 Met. 336, 344. *Simonds* v. *Parker*, 1 Met. 508. *Carpenter* v. *Aldrich*, 3 Met. 58. *New Marlborough* v. *County Commissioners*, 9 Met. 423, 433. *Clark* v. *Montague*, 1 Gray, 446. *Loomis* v. *Wadhams*, 8 Gray, 557, 561. *Tolland* v. *County Commissoners*, 13 Gray, 12. *Hastings* v. *Bolton*, 1 Allen, 529, 531. *Lawrence* v. *Bassett*, 5 Allen, 140, 142. *Lathrop* v. *Bowen*, 121 Mass. 107. *Hazard* v. *Wason*, 152 Mass. 268, 270. The principle of these cases is not altogether that of waiver, but may be thus stated: that, when a court has jurisdiction of the cause, it may acquire jurisdiction of the necessary parties by their voluntary appearance and submission. In this case the records and minutes of the board which had issued the notice were public, and open to the inspection of the town's officials and counsel; and a general appearance of the town and participation in the hearing upon its merits, without objection upon the point, would cure any defect of notice, and give the board jurisdiction over the town as a party, although its officers and counsel were ignorant of the defect. If the town desired to rely upon technical objections, it was bound to use the means at hand to obtain information of facts perfectly accessible; if it has acted in ignorance of them, it cannot now complain, or escape the legitimate effect of its action. *New Salem, petitioner*, and *Hastings* v. *Bolton, ubi supra.*

Whether the town has cured the defect depends upon the authority of its selectmen and counsel to represent it at the hearings resulting in the adjudication of July 31. If under

the by-law they had authority to act for and represent the town, it cannot now be heard to complain of an invalidity of notice. That they had such authority is plain. The by-law makes them agents of the town to employ counsel, to institute and prosecute suits in its name, and to appear for it and defend suits brought against it. There is no question that proceedings before the county commissioners, in which counsel appear, witnesses are examined, and arguments made as in other courts, are suits; and as the town is a necessary party, to which notice must be given, and which has a right to be heard, and is necessarily affected by the determination of the matter in issue, the proceeding may be fairly said to have been a suit against the town. There is hardly any class of cases before the courts in which towns are more frequently interested than in those relating to the laying out or alteration of ways. It would be too narrow a construction of the language of the by-law to hold that it did not authorize the selectmen to act for the town in such proceedings. That its practical construction, both by the selectmen and by the town itself, was broader, and recognized the authority of the selectmen to act in such a case, is apparent from the fact that they, without other authority, did in fact employ counsel and appear in behalf of the town at the hearings, and take part in them upon the merits, and from the further fact that, after the adverse adjudication, the town-meeting, instead of repudiating their action and that of the counsel whom they had employed, merely referred the matter back to them, with full power to represent and protect the town's interest in any manner which they might deem legal, honorable, and proper; and the same counsel appears for the town in the present petition. We therefore hold that the appearance of the town before the commissioners, and its participation in the hearings upon the merits, gave to the commissioners jurisdiction over the town as a party; and that it cannot now be heard to object that the proceedings were invalid for want of power in the board constituted with Morrell, or with the two commissioners, to make the order for the view and hearing, and for the giving of notice.

In addition, it is plain that a writ of prohibition could not be granted, even if the proceedings of the commissioners after the presentation of the petition were invalid, and if the town was

in a position so to claim.   The writ is not to be granted to re-
strain a tribunal which, having jurisdiction of a cause, is merely
proceeding in it improperly; and it will not be granted if the
court has jurisdiction.   It is " a writ to forbid any court, either
spiritual or secular, to proceed in any cause there depending,
upon suggestion that the cognizance thereof belongeth not to
the same court."   Cunningham, Law Dictionary, Title *Prohibi-
tion.*   " Then was considered the reason of prohibitions in gen-
eral, that they were to preserve the right of the King's crown
and courts, and the ease and quiet of the subject; that it was
the wisdom and policy of the law, to suppose both best pre-
served, when everything runs in its right channel, according to
the original jurisdiction of every court."   *Oldis* v. *Donmille*,
Show. Parl. Cas. 74, 82.   " And it is *contra coronam et dignita-
tem regiam* for any to usurp to deal in that, which they have
not lawful warrant from the Crown to deal in. . . . The pro-
hibitions do not import, that the ecclesiastical courts are *aliud*
than the King's, or not the King's courts, but do import, that
the cause is drawn into *aliud examen* than it ought to be; and
therefore it is always said in the prohibitions, (be the court
temporal or ecclesiastical, to which it is awarded,) if they deal
in any case which they have not power to hold plea of, that the
cause is drawn *ad aliud examen* than it ought to be; and there-
fore *contra coronam et dignitatem regiam."*   2 Inst. 602.   And
while upon the ancient law, it may be noticed that prohibition
was refused if not prayed for until after plea.   In *Clerk* v.
*Andrews*, 1 Show. 9, one Moore at Westminster, out of the juris-
diction of the Court of the Poultry-Compter, was garnisheed in
that court.   Whereupon it was pleaded that Moore was never
indebted to the principal defendant *infra Jur' Cur. præd'.*   The
plea was refused, and Shower moved the King's Bench for a pro-
hibition, urging that the Court of Poultry-Compter had no juris-
diction of Moore.   Holt, Chief Justice, said, " There was reason
in it.   But our pleading of it was after *imparlance*, and so we
came too late; and because we did not plead in time, prohibition
was denied."   And to the same effect is an *anonymous* case in
2 Show. 155, as follows: " In case one be cited out of the
diocese, no prohibition is to be granted after plea, for thereby
the defendant has owned the jurisdiction of the court."

The principal cases in which this court has been called upon to discuss the law of prohibition are *Rutland* v. *County Commissioners*, 20 Pick. 71, 77. *Whately* v. *County Commissioners*, 1 Met. 336. *Washburn* v. *Phillips*, 2 Met. 296. *Gilbert* v. *Hebard*, 8 Met. 129. *Vermont & Massachusetts Railroad* v. *County Commissioners*, 10 Cush. 12. *Day* v. *Springfield*, 102 Mass. 310. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50. *Henshaw* v. *Cotton*, 127 Mass. 60. *Chandler* v. *Railroad Commissioners*, 141 Mass. 208. An examination of these cases shows that, if the court has jurisdiction, prohibition will be denied, although upon the record the proceedings may appear to have been defective or informal, and that it will only be interposed in clear cases of excess of jurisdiction.

*Petition dismissed, with costs.*

*W. M. Stockbridge,* (*J. E. Cotter* with him,) for the petitioner.
*T. E. Grover & J. D. Ball,* for the respondents.