### HARRY G. COLLINS *vs.* JOHN H. HARDY.

Suffolk.    December 13, 1893. — January 3, 1894.

Present: ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Writ of Prohibition — Second Application of Debtor to take the Oath that he does not intend to leave the State.*

After a default by a debtor to attend at the time and place fixed for the examination upon an application to take the oath that he does not intend to leave the State, his rights in respect to that particular oath are exhausted, and a justice of the Municipal Court may be restrained by writ of prohibition from entertaining a second application.

PETITION for a writ of prohibition to restrain a justice of the Municipal Court of the City of Boston from proceeding to hear the application of Walter Sprange, a debtor arrested on mesne process, to take the oath that he did not intend to leave the State. At the hearing, before *Lathrop*, J., it appeared that Sprange was arrested on October 28, 1893, on a writ in an action of contract, in which the petitioner was plaintiff, and thereupon Sprange duly recognized that he would deliver himself up for examination according to law ; that upon November 16, 1893, Sprange procured from the Municipal Court of the City of Boston a notice addressed to the petitioner setting forth his desire to take oath that he did not intend to leave the State ; that upon the following day both Sprange and the petitioner appeared at the time and place specified in the notice, and the examination was duly continued until the 21st of the same month, at ten o'clock in the forenoon, at which last mentioned date the petitioner duly appeared, but Sprange did not appear, and was defaulted ; that upon the 24th of the same month Sprange procured from said Municipal Court a second notice addressed to the petitioner setting forth his desire to take the oath that he did not intend to leave the State, and also the oath for the relief of poor debtors; that upon December 4, 1893, at the time and place mentioned in the last named certificate, Sprange duly appeared and stated that he did not desire to take the oath for the relief of poor debtors, but did desire to take the oath that he did not intend to leave the State ; that the petitoner duly appeared by counsel at the time and place

mentioned in the last named notice, for the purpose of examining Sprange upon the notice that he desired to take the oath for the relief of poor debtors, and appeared specially, and objected to any examination of Sprange to take oath that he did not intend to leave the State ; and that the respondent, as associate justice of said Municipal Court, had sworn Sprange for examination upon his desire to take the oath that he did not intend to leave the State, and was proceeding, against the objection of the petitioner, to take evidence of Sprange concerning his said intention to leave the State.

The justice ruled that a writ of prohibition should issue, and reported the case for the determination of the full court. If the ruling was correct, the writ of prohibition was to issue ; otherwise, the petition was to be dismissed.

*C. W. Cushing,* for the respondent.

*W. H. H. Emmons & H. B. Emmons,* for the petitioner.

ALLEN, J. It has heretofore been determined that, after an application of this kind has once been heard and refused, there is no jurisdiction to entertain another similar application. *Henshaw* v. *Cotton,* 127 Mass. 60. The only difference in the present case is, that upon the debtor's first application he did not appear at the time and place fixed by adjournment for examination, and was defaulted. This is equivalent to a decision against him upon his application. Otherwise he might give successive notices and require the attendance of the creditor without attending himself. In order to discharge him upon such an application the magistrate must be satisfied that he did not when arrested intend to leave the State. Pub. Sts. c. 162, § 37. His liability to be held depends upon his intention at that time, as well as at the time of taking the oath, and there is less occasion for allowing a second notice to be given than if the oath to be taken were the poor debtor's oath as to his property. No provision for a second notice to take the oath as to his intention of leaving the State is found in the statutes, though successive applications to take the poor debtor's oath are authorized. After a default by a debtor to attend at the time and place fixed for the examination upon one application to take the oath that he does not intend to leave the State, his rights in respect to that particular oath are exhausted. See Pub. Sts. c. 162, §§ 31, 33 ; *Henshaw* v. *Cotton, ubi supra.* *Writ of prohibition to issue.*