JEREMIAH F. TEHAN *vs.* JUSTICES OF THE MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk. November 21, 1905. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Exceptions. *Prohibition, Writ of. Municipal Court of the City of Boston. Intoxicating Liquors.*

Under R. L. c. 173, § 106, an exception can be taken to a ruling of a single justice of this court that a petition for a writ of prohibition cannot be maintained and to an order made by him refusing the writ and dismissing the petition.

The Municipal Court of the City of Boston has jurisdiction under R. L. c. 168, § 22, to require a debtor arrested on execution to execute and deliver to the judgment creditor a transfer or assignment of any property belonging to him above the amount of $20, which cannot be taken on execution and is not exempt therefrom. Whether a license to sell intoxicating liquors is property which can be made available by an order for such an assignment, *quaere.*

A petition for a writ of prohibition cannot be maintained against the justices of the Municipal Court of the City of Boston to prohibit them from requiring the petitioner under R. L. c. 168, § 22, to assign to his judgment creditor certain licenses to sell intoxicating liquors, as that court has jurisdiction to determine whether the assignment should be ordered or not.

A writ of prohibition will not be issued to prohibit a lower court from deciding wrongly a question within its jurisdiction.

SHELDON, J. This is a petition for a writ of prohibition against the justices of the Municipal Court, seeking to prohibit them from requiring the petitioner to assign to his judgment

creditor, Louis Isenburger, under poor debtor proceedings, his interest in two liquor licenses held by him and one Margaret E. Tehan. At the hearing before a justice of this court, it appeared that said Isenburger obtained a judgment and execution for more than $800 damages against the petitioner, and cited him into the poor debtor session of the Municipal Court of the City of Boston, where he was examined under R. L. c. 168, §§ 17–20; that the petitioner and said Margaret held two licenses, respectively of the first and fourth class mentioned in R. L. c. 100, issued to them by the board of police of the city of Boston, to sell intoxicating liquors at the place therein named for the term of one year from May 1, 1905. It also appeared that the justice of the Municipal Court before whom the hearing was held had declared that he should enter an order under R. L. c. 168, requiring the petitioner to execute and deliver to Isenburger a transfer and assignment of the licenses and all his right, title and interest therein. The proceedings in the Municipal Court are still pending, and have not been terminated. On these facts, the justice ruled that the petition could not be maintained, denied the writ of prohibition and dismissed the petition; and the case comes before us on the petitioner's exceptions to this ruling and order.

A preliminary question is whether exceptions can be alleged in such a case as this. It is to be observed that the writ of prohibition is a civil common law writ. "It usually issues from the court of King's Bench, and is directed to the judge and parties of a suit in an inferior court, commanding them to cease from the prosecution thereof, upon a suggestion, either that the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction." Shaw, C. J. in *Washburn* v. *Phillips*, 2 Met. 296, 299. And the right of exception is given by our statute in the most general terms to any one who is aggrieved by an opinion, ruling, direction or judgment of this court or of the Superior Court, which is rendered upon any matter of law in any civil cause, according to the course of the common law or otherwise, tried by a jury or heard by the court, with certain exceptions not material to this question. R. L. c. 173, § 106. Accordingly we proceed to consider the exceptions.

The writ of prohibition is used to prevent a court from exercising a jurisdiction which it does not possess. *Washburn* v. *Phillips*, 2 Met. 296. *Vermont & Massachusetts Railroad* v. *County Commissioners*, 10 Cush. 12. *Day* v. *Aldermen of Springfield*, 102 Mass. 310. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50. *Henshaw* v. *Cotton*, 127 Mass. 60. Whether the writ can be granted in this case depends accordingly upon whether the Municipal Court of the City of Boston has the jurisdiction to make the order here in question.

The right to arrest the body of a defendant upon mesne process or of a judgment debtor upon execution is now fixed and regulated by the provisions of c. 168 of the Revised Laws; and those which apply to the case at bar are contained in the sections of that chapter numbered from 17 to 25 inclusive. Substantially, these sections provide that no arrest shall be made on an execution unless it is for an amount as large as $20 exclusive of all costs, and unless the judgment creditor or some one in his behalf makes affidavit and proves to the satisfaction of the proper tribunal (in this case the Municipal Court of the City of Boston) that the debtor has property not exempt from being taken on execution which he does not intend to apply to the payment of the plaintiff's claim, or that he has been guilty of other fraudulent conduct specified in the statute; and the affidavit and the certificate of the magistrate that he is satisfied that there is reasonable cause to believe that the charges therein contained, or one of them, are true, must be annexed to the execution before the arrest is authorized. Unless it appears by affidavit and proof that the debtor intends to leave the Commonwealth, notice must be issued to him to appear before the court or magistrate and submit to an examination upon the charges made against him. He is then to be examined on oath. If the debtor fails to appear for examination, or if he fails to comply with all lawful orders of the magistrate, or if he is proved to have been guilty of any fraudulent conduct specified in the statute, his arrest may be authorized. If it appears that he has property above the amount of $20, not exempt from being taken on execution, he shall, if possible, produce the excess and allow it to be taken on the execution or otherwise applied to the payment of the debt and costs. If said property

cannot be taken on the execution, the debtor shall be required to execute and deliver to the judgment creditor, or to some one in his behalf, a transfer, assignment or conveyance thereof, in such form as the magistrate orders. A right is given to the debtor to redeem any property so transferred. And finally, it is provided that if the debtor appears as ordered by the magistrate, and complies with all lawful orders made by him, and if the truth of one at least of the specified charges of fraud is not proved, the arrest shall not be authorized and no further application for his arrest shall be made within three years. R. L. c. 168, §§ 17–25.

It seems to us that under these provisions of the statute a broad jurisdiction is conferred upon the justices of the Municipal Court to inquire into the property of a judgment debtor brought before them, and to determine whether he has or has not property to the amount of $20 not exempt from being taken on execution. If it appears that he has anything which it is alleged by the creditor can be converted into money, we think that this necessarily gives that court jurisdiction to determine whether it can be turned into money, and, if so, whether it is property within the meaning of the statute. If this is found, then it is the duty of the judge to make an order under § 22. This is what it is said that the justice of the Municipal Court intends to do; and we are of opinion that he has jurisdiction to determine the question whether he ought to do it.

To guard against any misapprehension, we should add that we have not considered whether these liquor licenses properly can be regarded as property within the meaning of R. L. c. 168, § 22, or whether they can in any way be made finally available by compulsory process for the debt. As to this, see *Tracy* v. *Ginzberg*, 189 Mass. 260 ; *Schaefer Brewing Co.* v. *Moebs*, 187 Mass. 571, 574. It is not for us to determine on this petition whether the proposed action of the Municipal Court will be correct in law, but only whether it is within the jurisdiction of that court to pass upon the question ; and of this we are satisfied.

*Exceptions overruled.*

*C. F. Eldredge,* for the petitioner.
*E. M. Schwarzenberg,* for the respondents.