### WILLIAM J. WELCH *vs.* JABEZ FOX.

Suffolk.    January 13, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Guardian, Ad litem.    Prohibition.    Jurisdiction.*

It is the duty of a court, in which proceedings are pending, to appoint a guardian *ad litem* whenever a party to the proceedings by reason of minority or mental unsoundness requires such representation, and the court has jurisdiction to consider and decide the question whether such a guardian is required.

A writ of prohibition is granted only to restrain a tribunal from acting in matters outside its jurisdiction, and does not lie to correct the errors of a tribunal acting within its jurisdiction.

Where a court in which proceedings are pending exercises its jurisdiction by appointing a guardian *ad litem* for one of the litigants, and such appointment is irregular or informal for want of a previous notice to the litigant to appear and show cause why such a guardian should not be appointed or for any other reason, the remedy for the correction of the error is not by a writ of prohibition but by appeal or exception or in some cases by a writ of certiorari.

PETITION, filed on March 19, 1909, for a writ of prohibition addressed to Justice Jabez Fox of the Superior Court to enjoin him from appointing a guardian *ad litem* for the petitioner in the case of William J. Welch *v.* H. Lincoln Chase and others pending in that court.

The case was heard by *Braley*, J., upon the pleadings and an agreed statement of facts. It appeared, among other matters, that on March 9, 1909, the respondent, in denying a motion made by the petitioner for a new trial or rehearing of an application made by him for a writ of review, filed the following memorandum:

" The plaintiff is a member of the bar and appears in his own behalf without the assistance of other counsel. The petition for a retrial of the application for a writ of review and the plaintiff's statements in support of it (a stenographic report of which is filed herewith) make it clear that the plaintiff is mentally unsound and that further proceedings ought not to be taken until a guardian *ad litem* has been appointed. No action upon the petition for retrial and upon the plaintiff's bill of exceptions now pending will be taken until such guardian has been appointed. The guardian should be a responsible attorney or he should be represented by a responsible attorney in future proceedings."

The petitioner asked the justice to rule that on the pleadings and the agreed statement of facts a writ of prohibition should issue as matter of law. The justice refused to make this ruling, and ordered that the petition be dismissed. The petitioner alleged exceptions.

*W. J. Welch*, pro se.

*F. G. Katzmann*, (*P. O'Loughlin & H. M. Channing* with him,) for the respondent.

HAMMOND, J. The petitioner has mistaken his remedy. No citation of authorities is needed in support of the propositions, first, that a court may, and indeed should, appoint a guardian *ad litem* for a litigant in a case before it whenever by reason of minority or mental unsoundness one is required; and second, that whenever the question arises as to whether such a guardian is required the court has jurisdiction to consider and decide it. And this jurisdiction is not founded upon a previous notice to the litigant, but is a part of and incidental to its general jurisdiction over the case and the parties properly before the court. *Denny* v. *Denny*, 8 Allen, 311. If in the exercise of this jurisdiction the proceedings of the court are irregular or informal for want of a previous notice to the litigant to appear and show cause why such a guardian should not be appointed, or for any other cause, the remedy for the correction of any such error is not by a writ of prohibition but by appeal or exception, or in some cases by writ of certiorari. Prohibition lies not to correct errors of a tribunal acting within its jurisdiction, but to restrain it from acting in matters outside of its jurisdiction. " The writ

is not to be granted to restrain a tribunal which, having juris-
diction of a cause, is merely proceeding in it improperly; and it
will not be granted if the court has jurisdiction." Barker, J.,
in *Hyde Park* v. *Wiggin*, 157 Mass. 94, 99. See also that case
and the cases therein cited, for further discussion of the office of
this writ.

It becomes unnecessary to consider the other grounds of de-
fense to the petition. The petition was rightly dismissed.

<em>Exceptions overruled.</em>