ALEXANDER KEVORKIAN *vs.* SUPERIOR COURT.

Suffolk.   April 8, 9, 1936. — September 9, 1936.

Present: RUGG, C.J., PIERCE, FIELD, & DONAHUE, JJ.

*Prohibition, Writ of.*

A writ of prohibition will not be granted to remedy errors of a judicial tribunal acting within its jurisdiction but lies only to restrain such tribunal from acting outside its jurisdiction.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 22, 1936, for a writ of prohibition.

A demurrer was heard by *Crosby,* J., and was sustained. The petitioner alleged exceptions.

*M. E. Goldberg,* for the petitioner.

*J. J. Ronan,* Assistant Attorney General, for the respondents.

RUGG, C.J.   This is a petition for a writ of prohibition. Its allegations in effect are these: The petitioner was plaintiff in a suit in equity which was heard on its merits before a judge of the Superior Court. The trial judge on January 9, 1936, made findings, rulings and an order for a decree, but a final decree has not been entered. The trial judge disqualified himself from dealing with the cause, first, because influenced in his findings by a preconceived and extraneous opinion as to the plaintiff as expressed to his counsel in these words: "He comes of a race whose self-interest makes them

say on the stand what they like to believe, and so I always feel their testimony is untrustworthy except when corroborated by independent evidence." The date of this alleged statement is not set forth in the petition, but it was stipulated in the record that it was alleged to have been made on January 16, 1936, in alleged explanation of the finding made on January 9, 1936. The second and third grounds of disqualification alleged in the petition need not be stated at length because they amount to nothing more than allegations that erroneous findings of facts were made by the trial judge on the evidence. The fourth ground alleged is a statement by the trial judge made a week after his findings, rulings and order for decree were filed, to the effect that there was not enough time given to the trial of the case. The final ground was that the petitioner had exhausted his remedies in the Superior Court. The prayer of the petition is that a writ of prohibition issue to restrain the entry of a final decree in accordance with the findings, rulings and order for decree, to order the trial judge to revoke the same and discharge the hearing before him and to grant a rehearing of the case on its merits.

A demurrer was filed to the effect that the Superior Court had jurisdiction of the cause described in the petition, that the writ of prohibition was sought to correct errors or irregularities of a tribunal acting within its jurisdiction, that other and adequate remedies were open to the petitioner, and that no cause sufficient in law was stated for the issuance of the writ. The single justice, after hearing, ordered the demurrer sustained because the Superior Court had jurisdiction of the cause described in the petition, and ordered the petition dismissed. The exceptions of the petitioner bring the case here.

The function of the writ of prohibition and the principles which govern its issuance under our practice are well settled. "It will not be granted if the court or tribunal against which it is sought has jurisdiction of the cause or matter which it proposes to adjudicate. Prohibition lies only to restrain a clear excess of jurisdiction about to be committed against one who has not submitted thereto where there is no other

adequate remedy. It does not issue to correct or restrict errors or irregularities of a tribunal which is acting within its jurisdiction, although proceeding improperly in the exercise of that jurisdiction. It can be invoked to prevent a court from exercising a jurisdiction which it does not possess. It will not be granted to remedy the errors of a judicial tribunal acting within its jurisdiction, but lies only to restrain such tribunal from acting outside its jurisdiction." *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 82, and cases cited. *Washburn* v. *Phillips*, 2 Met. 296, 298–299. *Hyde Park* v. *Wiggin*, 157 Mass. 94, 100. *Cronin* v. *Judges of the Superior Court*, 253 Mass. 182, 183, 184. *Jaffarian* v. *Murphy*, 280 Mass. 402, 405, 406. *Goulis* v. *Judge of District Court*, 246 Mass. 1, 8. See *Kirby* v. *Donovan*, 228 Mass. 86, 90. It is too plain for discussion that the trial judge was acting within his jurisdiction in hearing the suit in equity. The Superior Court is a court of general jurisdiction in equity. The petitioner asks, not that the Superior Court be prohibited from hearing the suit, but simply that the petitioner may have a rehearing. A mere error of procedure cannot be corrected by prohibition. The inquiry on a writ of prohibition is not whether a proposed decision would be correct in law but is only whether the court is acting within its jurisdiction. *Goulis* v. *Judge of District Court*, 246 Mass. 1, 8. *Tehan* v. *Justices of the Municipal Court of Boston*, 191 Mass. 92, 95. *Welch* v. *Fox*, 205 Mass. 113.

The trial judge alone is not the respondent named in the petition. The Superior Court is a court of large jurisdiction composed of more than thirty judges. The only complaint described in the petition is against one of those judges. It is inconceivable that the case cannot be tried by some of its judges. The petitioner invoked by his suit the jurisdiction of the court and not of a single judge thereof.

The regular procedure of our courts affords requisite remedy for the wrong of which the petitioner complains. The alleged utterance of which the petitioner complains was made after the case was decided. Whatever its effect may have been, there was ample remedy by motion for a new trial. *Nicoli* v. *Berglund*, 293 Mass. 426. *Harrington*

v. *Boston Elevated Railway,* 229 Mass. 421, 431.   *Lennox &
Briggs Co.* v. *First National Bank of Boston,* 293 Mass. 139.
See also *McKinley* v. *Warren,* 218 Mass. 310, 311–312;
*Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502;
*King* v. *Grace,* 293 Mass. 244.   In extreme cases such
motion may be heard by a judge other than the trial judge.
*Commonwealth* v. *Gedzium,* 261 Mass. 299.   For any deci-
sion not supported by evidence ample relief may be afforded
to the petitioner in the Superior Court by appeal.   *Wein-
stein* v. *Miller,* 249 Mass. 516, 520.   No constitutional right
of the petitioner has been affected.   The equity suit has
not gone to final decree.

The principles already stated are decisive against the
petitioner.   No further discussion is required.

*Exceptions overruled.*