BENJAMIN DAY *vs.* BOARD OF ALDERMEN OF THE CITY OF SPRINGFIELD.

The authority to lay out and widen streets in the city of B. was exclusively in the board of aldermen; in the city of S. it was exclusively in the common council. The St. of 1866, c. 174, provided that the board of aldermen of B. should continue to have full authority to lay out and widen streets, and should also have the right to assess betterments on estates abutting on such streets. By the St. of 1867, c. 94, the provisions of the former act were "extended and made applicable to the city of S." *Held,* that this act gave no authority to the board of aldermen of S. to widen a street or assess a betterment; that they might be restrained by writ of prohibition.

A writ of prohibition may be issued in any county.

PETITION, filed in this court in Hampden, December 24, 1869, for a writ of prohibition to prohibit the board of aldermen of the city of Springfield from taking part of the petitioner's land in Springfield to widen Maple Street, in accordance with a vote passed by them August 2, 1869, and from assessing on his land a betterment on account of said widening. The respondents were ordered to appear before the court in Boston to show cause why the prayer of the petition should not be granted. They appeared; the case was reserved by the chief justice for the determination of the full court, and, by consent of parties, was argued in March 1870 at Boston.

*G. Wells,* for the petitioner.

*H. Morris,* for the respondents.

CHAPMAN, C. J. By the charter of the city of Boston, the board of aldermen had exclusive authority to lay out, alter and

discontinue streets and ways within the city. By the charter of the city of Springfield, this authority was vested exclusively in the common council. The mayor and aldermen were to act first in the matter; but their action was merely preliminary to the final and conclusive action of the city council. By St. 1866, *c.* 174, the board of aldermen of Boston were authorized, upon the laying out of streets, to assess upon the estates abutting on any street which might be laid out such portion of the expense of such laying out as was therein provided. By St. 1867, *c.* 94, the provisions of that act were " extended and made applicable to the city of Springfield." The act was to take effect when it should be accepted by the city council by a two thirds vote. Its obvious purpose was to enable the city authorities in Springfield to avail themselves of the betterment act which had been passed the previous year for the benefit of the city of Boston; but it does not, either expressly or by clear implication, purport to abolish the jurisdiction of the city council of Springfield, or confer upon the board of aldermen a new jurisdiction. We cannot doubt that, if the legislature had intended to make so important a change of jurisdiction, it would have been expressed, or at least clearly implied.

It is argued that the first clause of the first section of the act of 1866, namely, " The board of aldermen of the city of Boston shall continue to have full power and authority to lay out," &c., is by the act of 1867 made applicable to Springfield. There is some plausibility in this argument; but the most that can be said is, that it leads to doubt and uncertainty. It would not be a safe rule of construction to hold that the legislature has made the change, when it is doubtful and uncertain whether they intended to do so.

By St. 1868, *c.* 276, the power of the board of aldermen of Boston was extended so as to include estates not abutting on the street laid out, and limited as to the amount to be assessed; and by St. 1869, *c.* 169, a similar power to make assessments for betterments was extended and made applicable to all the cities and towns in the Commonwealth. The act was to take effect when adopted by any town or city; but it was provided that

in any city, when the power to lay out and alter streets was vested in any other board or persons than the board of aldermen, such board or persons should have the same power and authority as the board of aldermen in Boston. It is contended that, as this proviso is inserted in this act, but omitted in the act of 1867, *c.* 94, it is to be thence inferred that in the latter act a change of jurisdiction was intended. But we do not think such an inference is valid. The effect of the proviso is to remove all possible doubt; but, independently of it, we can see nothing in the act purporting to make any changes of jurisdiction. The whole court are of opinion that the city council of Springfield still retains its jurisdiction as to streets, and that the board of aldermen had no power to lay out the street mentioned in the petition.

There being no street legally laid out, the case does not present the question whether the act of 1867 was repealed by the St. of 1868, *c.* 276, § 2. Any opinion expressed in regard to it would be merely *obiter*.

Though the parties have appeared, and both are desirous that the court shall take jurisdiction of the case, it seems proper to say that the writ of prohibition is an appropriate remedy. It being a prerogative writ, and there being no statute provisions limiting the jurisdiction of the court in respect to it, a petition for it may be heard, and the writ may be issued in any county.

*Writ of prohibition to issue*