RHODES G. LOCKWOOD & others *vs.* CITY OF CHARLESTOWN. CHARLES POWERS & another *vs.* SAME.

The St. of 1867, c. 224, making applicable to Charlestown the provisions of St. 1866, c. 174, which last statute relates to the laying out, widening and improving the streets of Boston, confers jurisdiction in the premises upon the city council of Charlestown, and not upon the mayor and board of aldermen ; and does not authorize one aggrieved by the doings of the city council under the act to apply to the Superior Court for a 'jury, but his application must be made to the county commissioners. Neither does St. 1871, c. 382, § 7, authorizing the presentation of similar petitions to the Superior Court, have a retroactive effect.

PETITIONS to the Superior Court for juries to assess damages caused by the laying out of Canal Street, in Charlestown. Petitions filed December 31, 1869.

The petitioners in the first case represented that they were the owners, and the petitioners in the second case that they were the lessees, of land in Charlestown taken by an order of the board of mayor and aldermen of that city, dated October 26, 1868, for the purpose of laying out Canal Street ; that they were aggrieved by

the taking; that that board had by an order, dated January 2, 1868, ordered payment of damages to some of those aggrieved, which damages had been paid; but that no payment had been ordered or made to the petitioners. Wherefore they prayed that a jury might be ordered to assess their damages. The respondents were notified and appeared, and, upon their motion, the petitions were dismissed May 8, 1873. And the petitioners appealed.

*C. Browne*, (*J. S. Holmes* with him,) for the petitioners.

*W. S. Stearns*, for the defendant.

GRAY, C. J. By St. 1866, *c.* 174, § 5, the board of aldermen of Boston, upon the laying out, widening, discontinuing, grading or altering of a street, was authorized to assess betterments upon the abutting estates; and by § 7, " any party aggrieved by the doings of the board of aldermen under this act shall have the like remedy, by petition for a jury or otherwise," " as in other cases of laying out, widening, discontinuance, change of grade or other alteration of streets in the county of Suffolk."

By St. 1867, *c.* 224, the provisions of St. 1866, *c.* 174, were " extended and made applicable to the city of Charlestown." The effect of this statute was to confer jurisdiction under the betterment act upon the same tribunals or boards of officers which already had jurisdiction of laying out streets. In Charlestown, therefore, the city council, which by the city charter had the exclusive authority to lay out streets and ways, (and not the board of aldermen,) was vested with original jurisdiction to assess betterments. St. 1847, *c.* 29, § 2. *Day* v. *Aldermen of Springfield*, 102 Mass. 310.

By the same rule of construction, the petition for a jury of any person aggrieved by such assessment by the city council of Charlestown should have been presented to the county commissioners, being the tribunal which in the county of Middlesex, as in all the other counties except Suffolk and Nantucket, had jurisdiction of like petitions in cases of laying out streets and ways and not to the Superior Court, which had at that time no similar jurisdiction anywhere in the Commonwealth except in Boston, and there only because there were no county commissioners in Suffolk.

It may be added that even in Suffolk, except in Boston, such petitions must have been presented, not to the Superior Court, but to the county commissioners of Middlesex. Gen. Sts. *c.* 10, §§ 6, 7; *c.* 17, §§ 32–35; *c.* 43, §§ 77–80.

The Superior Court, therefore, rightly held that it had no jurisdiction of these petitions. The St. of 1871, *c.* 382, § 7, authorizing similar petitions to be presented to the Superior Court in each county, can have no retrospective effect.

*Judgments, dismissing petitions, affirmed.*