LEWIS J. POWERS *vs.* CITY COUNCIL OF SPRINGFIELD.

Hampden.    September 26. — October 22, 1874.    WELLS & COLT, JJ.
did not sit.

While a petition of the mayor and aldermen of a city in which a railroad crossing is
    situated, and of the directors of the railroad corporation, to the county commis-
    sioners under the St. 1872, c. 262, for an alteration of the crossing, so as to allow
    the highway to pass under the railroad, is pending, the mayor and aldermen are
    not authorized to join with the common council in changing the grade of the high-
    way at the same place, even with the consent of the railroad corporation ; and a
    writ of certiorari to quash an order of the city council to that effect will be granted
    upon a petition filed by an abutter, before any work has been done under the
    order.

PETITION filed August 31, 1874, for a writ of certiorari, to
quash proceedings of the city council of Springfield.    The peti-
tion set forth the proceedings of the county commissioners, stated
in the next preceding case, *ante,* 73, and further alleged that
pursuant to the St. of 1872, *c.* 262, § 2, the Boston and Albany
Railroad Company named Isaac Hinckley, of Philadelphia, one of
the commission of three disinterested persons therein mentioned,
and the board of railroad commissioners designated a member
of that board as one of said commission, and the three persons
named as aforesaid accepted the appointment and entered upon
the duties thereof, and the matters by said statute committed to
them were still pending before them.

The petition of Powers further alleged that upon a petition
presented on May 9, 1874, by Henry Fuller and others, citizens
of and freeholders in Springfield, to the city council of Spring-
field, and after reference to and report from the board of public
works of the city, the city council, a body composed of the board
of aldermen and the common council of the city, on July 20, 1874
ordered the grade of Main Street between the tracks of the Bos-
ton and Albany Railroad to be raised four feet above the top of
the rails, and to the north and south of the railroad so as to fall
'rom the railroad regularly to the present grade of Main Street,
and awarded damages to be paid to Powers (who owned a lot of
land adjoining the crossing and bounded northerly by the rail-
road and westerly by Main Street) and other abutters on tha
part of Main Street the grade of which was so altered.

The reasons assigned in the petition of Powers for a writ of certiorari to quash the proceedings of the city council were that the city council had no jurisdiction in the premises, and that its order was in conflict with the jurisdiction of the county commissioners, and in contravention of the order of the county commissioners on the same subject matter, and of the jurisdiction and duty of said commission of three disinterested persons.

The answer of the city council to this petition for a writ of certiorari admitted the facts stated in the petition; but denied its conclusions of law; and alleged that the proceedings upon the petition to the county commissioners were illegal and void, for the same reasons as stated in the petition of the railroad corporation for a writ of certiorari, *ante,* 73, and also because Hinckley, not being a resident of the Commonwealth nor within the jurisdiction of this court, was incompetent to act as one of the special commission; that, even if all those proceedings were legal, yet, until the special commission should have made and published its award, which they had not done, the order of the county commissioners was and would be inoperative, and the city council of Springfield had full and exclusive jurisdiction of alterations and changes of grade of streets within the limits of the city, and of streets extending beyond the city, so far as it could be exercised without infringing the rights of any railroad corporation whose railroad crossed the streets; and that the order of the city council was made with the assent of the Boston and Albany Railroad Company, and with its agreement to raise its railroad at the crossing to conform to the new grade of Main Street whenever the order of the city council should be carried into effect.

At the hearing before *Endicott,* J., it appeared that the Boston and Albany Railroad Company assented to the change of grade of Main Street by the city council, and agreed to raise its railroad four feet at the crossing; and that no work had been done on Main Street when the petition of Powers for a writ of certiorari was filed and served. The case was reserved on the petition and answer and these facts for the determination of the full court.

*B. F. Thomas & H. Morris,* for the petitioner.

*A. L. Soule,* for the respondents.

GRAY, C. J.    The city council of Springfield has general jurisdiction of the subject of altering highways in the city. Sts. 1852,

c. 94, § 14 ; 1872, c. 334, § 4 ; 1873, c. 126, § 1.    *Day* v. *Alder-men of Springfield*, 102 Mass. 310.   And we have no doubt that this jurisdiction extends to those portions of the highways which lie at and near railroad crossings, provided that no alteration is made in the grade of a railroad except by the consent of the railroad corporation, and that no other tribunal has previously acquired jurisdiction of the raising or lowering of the highway at the particular crossing in question, by proceedings duly commenced and not legally discontinued or determined.

But the mayor and aldermen of Springfield had joined with the directors of the Boston and Albany Railroad Company in a petition to the county commissioners, within the jurisdiction conferred upon them by the St. of 1872, c. 262, to change the grade of Main Street at this crossing, and proceedings upon that petition are still pending.   All the objections made in the present case by the city council to the validity of those proceedings have been considered by the court in the case of *Boston & Albany Railroad* v. *County Commissioners, ante*, 73, except those relating to the qualifications of the persons nominated as members of the special commission to determine by what parties the order of the county commissioners shall be carried into effect and the expenses thereof paid ; and if either of those nominations was illegal, it would not affect the jurisdiction of the county commissioners over the original petition, in case they shall be permitted to proceed thereon, by the final judgment of this court upon the writ of certiorari issued to them.

The jurisdiction of the county commissioners, having first attached to the subject of the alteration of the grade of Main Street at the railroad crossing, necessarily excluded the jurisdiction of any other tribunal over the same subject until those proceedings were ended.   *Stearns* v. *Stearns*, 16 Mass. 167.   *Foster* v. *The Richard Busteed*, 100 Mass. 409, 411.   And that principle applies with peculiar force to this case, in which the mayor and aldermen, after joining with the directors of the railroad corporation in invoking the action of the county commissioners, have undertaken, with the assent of the same corporation, and the concurrence of the common council, to nullify and defeat by their own act the proceedings which they had set in motion.

The order of the city council was therefore irregular, and liable to be avoided and set aside by writ of certiorari upon the petition, seasonably filed, of any party whose interests are injuriously affected thereby. *Dwight* v. *City Council of Springfield*, 4 Gray, 107. Any person whose property will be injured by the proposed change in the grade of the street, and who applies for relief before the order complained of has been so far executed as to affect the interests of other persons or of the public, is entitled to a decision of the court upon the question which of the two proceedings upon the subject is lawful and regular, in order that he may proceed in due form of law to secure his rights, by application for damages or otherwise.

As it appears that the petitioner owns an estate abutting on that part of Main Street the grade of which is proposed to be altered, and that no work upon that street has yet been done under the order of the city council, the

*Writ of certiorari must issue.*