JOTHAM G. CHASE *vs.* BOARD OF ALDERMEN OF SPRINGFIELD.

Hampden.   Sept. 29, 1875. —- March 1, 1876.   AMES, DEVENS & LORD, JJ., absent.

On a petition for a writ of certiorari to bring up and quash the proceedings of an inferior tribunal, an answer of the tribunal containing allegations and denials of fact, and signed by counsel, is irregular.

It is no ground for a writ of certiorari to quash the proceedings of a tribunal, authorized to assess betterments for the laying out of a highway, that the records of the tribunal do not show that a grade line was established.

The erection of railings or barriers, required for the safety of public travel, is not essential to the completion of a public way under the St. of 1871, *c.* 382, § 1 ; and the want thereof does not prevent the assessment of betterments under that section.

The record of the board of city or town officers of their proceedings in the laying out or altering of a way and the assessment of betterments therefor, under the St. of 1871, *c.* 382, should show the amount of the expense of the laying out or altering, as well as of the assessment.

A petition for a writ of certiorari to quash the proceedings of a tribunal of a city assessing a betterment tax on an estate for the laying out of a highway, under the St. of 1871, *c.* 382, alleged that the proceedings were void because it did not appear that the amount assessed was a proportional part of the expense of laying out and grading the street. The answer alleged that it sufficiently appeared by the records that the expense of laying out and grading the street was largely in excess of the amount assessed by the tribunal, and that the amount so assessed was a proportional part of said expense. The answer also alleged that, in fact, said expense was largely in excess of the amount assessed, and said amount was a proportional part of said expense. The record annexed to the petition showed

an adjudication that the whole amount of benefit and advantage received by any real estate from the laying out of the street, beyond the general advantage to all real estate in the city, was $31,050, one half of which, viz.: $15,525, should be assessed upon the lots of land specially benefited, in proportion to the benefit and advantage received by each. By consent of the parties, the case was reserved for this court upon the petition and answer and a report of a single justice, which stated that the records did not show the actual expense of laying out and constructing the road, or that the amount assessed upon the lands benefited was a proportional part of said expense; but that, if it could be shown in this way, it could be proved by the books of public record of the city, and by parol, that the actual expense of laying out and constructing the road was between $21,000 and $22,000, and that the assessment of betterments was a proportional part of about two thirds of that sum. *Held,* that, although the record was defective in not showing the amount of the expense, yet that defect could be cured by an amendment of the record, and, upon the allegations in the answer, the agreement of the parties as to the effect thereof, and the facts found at the hearing, afforded no ground for a writ of certiorari to issue.

An order of the proper tribunal of a city, laying a betterment tax under the St. of 1871, *c.* 382, directed the tax collector to collect said assessment, with interest at twelve per cent. per annum. *Held,* on a petition for a writ of certiorari, which did not assign the order to collect interest as one of the errors, that the validity of the order laying the assessment was not affected thereby.

PETITION for a writ of certiorari to the board of aldermen of the city of Springfield. The petition alleged that on December 5, 1871, the city council of Springfield, by an order of that date, laid out and established a street from a point near the foot of Blake's Hill, in Springfield, to the X road, so called, with a uniform width of one hundred feet, and to be called Fort Pleasant Avenue; that the petitioner is, and at the time of the proceedings hereinafter set forth was, the owner in fee of two tracts of land lying and abutting on said avenue; and that on October 19, 1874, the board of aldermen of Springfield passed an order assessing upon said lands of the petitioner the sum of $3600 for benefits alleged to have been received by his said lands from the laying out and grading of said Fort Pleasant Avenue. The petition then alleged that said proceeding of the board of aldermen was irregular, illegal and void, for the following reasons:

" Because no grade line has been established to which said avenue is to be graded and worked.

" Because the work of laying out and grading said avenue had not been completed at the time when said assessment was made, and is not now completed.

" Because the records of said board of aldermen do not show what was the actual expense of laying out and grading said avenue.

" Because the records of said board of aldermen do not show in a legal and proper form the actual expense of laying out and grading said avenue.

" Because it does not appear that the amount assessed is. a proportional part of the expense of laying out and grading said avenue.

" Because, so far as the records show, the aggregate amount of assessments upon real estate on account of said avenue may greatly exceed the actual expense of laying out and grading the same.

." Because said assessment was made by the board of aldermen, and not by the board of mayor and aldermen."

Annexed to the petition was the report of the board of public works of the city of Springfield, dated October 12, 1874, and the order of the board of aldermen accepting the same, dated October 19, 1874.

The report, after reciting the reference to said board, upon the order of the mayor and aldermen, of the matter of assessing betterments under the St. of 1871, *c.* 382, upon lands specially benefited by reason of the laying out and grading of Fort Pleasant Avenue, notice given to all parties interested, and a hearing had, set forth that the board " adjudge and determine that the whole amount of benefit and advantage received by any real estate from said laying out and grading of Fort Pleasant Avenue, beyond the general advantage to all real estate in said city of Springfield, to be $31,050, one half of said adjudged benefit and advantage, viz.: the sum of $15,525, they are of opinion should be assessed upon the lots of land specially benefited, in proportion to the benefit and advantage received by each, as follows." Then followed a list of the assessments on various parcels of land, including two parcels belonging to the petitioner, upon which were assessed the sums of $3400 and $200 respectively. The report concluded as follows: " And they recommend that assessments be made of special benefits received by said real estate from the laying out and grading of said, Fort Pleasant Avenue, upon the several lots of land and in the sev-

eral sums above named, said sums being, in each case, one half of the adjudged special benefit and advantage to each lot of land respectively from said laying out and grading."

The order of the board of aldermen was as follows :

" City of Springfield. In Board of Aldermen, October 19, 1874. Ordered, that the accompanying report of the board of public works relating to the assessment of betterments on Fort Pleasant Avenue be and is hereby accepted and adopted, and that assessments of betterments occasioned by laying out and grading Fort Pleasant Avenue from Mill Street to Sumner Avenue, be made in all respects according to the recommendations of said report, which is hereby referred to and made part of this order, and the tax collector is hereby directed to collect said assessments, with interest at twelve per cent. per annum from October 20, 1874, upon all sums not paid on or before the twentieth day of November next."

The answer, which was signed by attorney, was as follows :

" And now comes the city council of the city of Springfield, and the board of aldermen of said city, and for answer to the petitioner say that they deny that the work of laying out and grading said avenue had not been completed at the time when the assessment referred to in said petition was made, and denies that the work of grading was then or is now incomplete, and denies that said grading left the petitioner without convenient access to his lands, and avers that if said access were inconvenient it would be no ground for granting the prayer of the petitioner.

" The respondents deny that said avenue is not now and has not been at any time in a safe condition for public travel, and aver that if the fact were as alleged it would be no sufficient ground for granting the prayer of this petitioner.

" And the respondents further aver that it sufficiently appears by the records of the mayor and aldermen, and of the city of Springfield, that the expense of laying out and grading said Fort Pleasant Avenue was largely in excess of the amount assessed under the order of the mayor and aldermen, annexed to the petition on file, and that the amount so assessed was a proportional part of said expense ; and they further allege, apart from such record, that as a fact said expense was largely in excess of said

amount assessed, and said amount was a proportional part of said expense.

"And except as hereinbefore admitted, all the allegations of the petitioner as to illegalities and irregularities in the proceedings of said assessment are denied by the respondents. And the respondents further allege that if any of the alleged irregularities are found to exist, they are mere matters of form not essential to the validity of the proceedings, and that in all important matters said proceedings are correct, and that substantial justice has been done, and that therefore the prayer of the petitioner ought not to be granted."

Hearing before *Colt*, J., who, by the consent of the parties, reserved the case for the full court upon the petition and answer, and a report, which, after stating that the copies of the records annexed to the petition, were made part of the case, proceeded as follows :

The following record was introduced in evidence : " City of Springfield, in Board of Aldermen, June 8, 1874. Ordered, that the matter of assessing betterments under and in accordance with the provisions of chapter 382 of the Acts of 1871, upon lands specially benefited by reason of the laying out and grading of Fort Pleasant Avenue, be referred to the board of public works, and that they be requested to make report thereon."

It appeared in evidence, by the testimony of the city clerk, that no grade line had ever been established by the city council, to which said Fort Pleasant Avenue should be graded and worked. The avenue, as wrought, varied in width from one hundred feet (the width named in the order of location for the entire street) to forty-five feet. It is constructed across two ravines, rendering embankments necessary ; one of them being twelve feet high, and the other twenty-five feet high. No railing or other barrier has been erected at these points on the sides of the avenue. Before the commencement of proceedings for the assessment of betterments, the road had been properly completed and graded for public travel, unless the lack of railings or other barriers at the points above named, and the failure of the city council to establish a grade, would prevent a finding to that effect. The land of the petitioner abuts on said road fifteen hundred and forty feet in one part, and five hundred feet in another part.

The records of the assessment of betterments by the respondents do not show the actual expense of laying out and constructing said avenue, or that the amount assessed upon owners of real estate supposed to be benefited is a proportional part of said expense. If it is competent to be shown in this way, it can be proved by accounts kept upon the books of public record of the respondents by its treasurer, and also by parol, that the actual expense of laying out and constructing the road is between twenty-one and twenty-two thousand dollars, and the assessment of betterments upon owners of real estate was a proportional part of about two thirds of that sum.

It can also be proved by parol evidence, if competent, that the mayor of said city was present at the meeting of the board of aldermen at which said order of assessment was made, and acted as presiding officer of the board.

*H. Morris & W. L. Smith*, for the petitioner. 1. No grade has been legally established. Until that is done, the street cannot be said to be graded. The grading of the street, as the term is used in the St. of 1871, c. 382, § 1, means the bringing of the surface to a definite line — either a level, or a defined and established slope or slopes. Such is the sense in which the term is used in the Gen. Sts. c. 43, §§ 85, 86. St. 1853, c. 315, § 2. When the court say, in *Reed* v. *Scituate*, 5 Allen, 120, 124, "the commissioners have exclusive authority to determine what the grade shall be," they evidently mean a definite grade capable of being described and recorded. It is obviously for the public interest that streets should be made upon a proper grade when first opened. A change of grade after expensive buildings have been erected by the abutters involves great expense to the public. *Morse* v. *Stocker*, 1 Allen, 150.

2. The street was laid and ordered to be constructed one hundred feet wide. If at the points where it crosses ravines the width of the surface is necessarily reduced, there should at least be an equivalent at such points by the erection of suitable railings or barriers. Until these are erected, the street is not safe for the use of the abutters or the public, and is not "completed." St. 1871, c. 382, § 1.

3. The authority to assess under the St. of 1871, c. 382, is limited to a proportional share of the expense of laying out and

grading. The amount of that expense ought to be a matter oɪ record to which the person assessed may refer for the purpose of ascertaining whether the assessment is proportional or whether it is excessive. He should not be requiɪ ed to rely upon the statements of employees of the city. He has a right to be informed by record of the various items of expense. The persons assessed have a right to know, from the record of the tribunal laying the assessment, the precise amount of expense which they are legally to pay. The respondents offer to supply their defective record by means of their books of account and by parol, but they do not offer to show in any manner what was the actual expense of laying out and constructing the street.

4. The respondents fix the total amount of benefits received by all the estates benefited at $31,050, and they assess one half that amount. Their order is merely to assess a proportional share of the benefits. It does not pretend to assess a proportional share of expense of laying out and construction. Upon the subject of the expenses the order is silent. It is not competent for the respondents to introduce evidence to contradict their own record. *Wilbraham* v. *Hampden*, 11 Pick. 322. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Gleason* v. *Sloper*, 24 Pick. 181. *Mendon* v. *County Commissioners*, 5 Allen, 13.

5. The order of the board of aldermen which directs the col lector of taxes to collect the assessment with interest is without authority of law.

*M. P. Knowlton*, for the respondents.

GRAY, C. J. The answer to this petition, containing allegations and denials of matters of fact, and signed by counsel, is irregular. *Tewksbury* v. *County Commissioners*, 117 Mass. 563. *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561. But by consent of the parties the case has been submitted with the same effect as if the facts stated in the report appeared by a proper return made officially by the respondents.

1. The objection " because no grade line has been established " is not well founded. The statutes do not require that such a line shall be formally established and defined upon the record of the proceedings, except so far as may be necessary to a proper specification of the manner in which the new highway or alteration shall be made. Gen. Sts. *c.* 43, § 13. So far as the rights

or liabilities of abutters are affected by the grade of the street, they depend on and are determined by the grade as actually constructed.

2. The objection "that the work of laying out and grading said avenue had not been completed" is not sustained in fact. The mere want of railings or barriers for the protection and safety of public travel does not prevent the board from proceeding to assess the expenses. *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89.

3. The assessment, authorized by the St. of 1871, *c.* 382, § 1, is a tax, by which the expense of the laying out and construction of the way is apportioned as a public burden upon the lands especially benefited by the public improvement. The benefit or advantage to such lands is estimated only as a means of apportioning the tax and of providing a fixed limit of the amount to be assessed upon each estate. The fact of such benefit from the improvement furnishes a justification for the imposition of the tax upon a particular class of estates, instead of a levy in the general way of ordinary taxation. But such benefit conferred would not of itself alone warrant the exaction of money by way of compensation therefor. The estates are assessed, not for the benefit conferred, but for the cost of the public improvement. The essential point in the proceeding is the expenditure for a public service, for which taxation in some form is required.

The record of the board of aldermen is defective in not showing what the amount of that expense was. But the defect may and should be cured by an amendment of that record, and, upon the allegations in the answer, the agreement of the parties as to the effect thereof and the facts found at the hearing before a single justice, affords no reason why the court, in the exercise of its discretion, should order a writ of certiorari to issue. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206. *Noyes* v. *City Council of Springfield*, 116 Mass. 87. The order of the board of aldermen, taken in connection with the facts thus alleged and admitted, shows that each estate has been assessed, in proportion to the benefit and advantage received, a share of the expense of laying out and construction, not exceeding the whole amount of that expense, nor half the amount of the benefit and advantage to all the estates.

4. The objection that the record does not show that the mayor was present at the meeting of the board of aldermen was not insisted upon at the argument, and no objection was taken to the proceedings for want of the concurrence ˙of the common council. See Sts. 1852, *c.* 94, §§ 8, 14; 1871, *c.* 382, § 1; *Day* v. *Aldermen of Springfield,* 102 Mass. 310; *Powers* v. *City Council of Springfield,* 116 Mass. 84.

5. The order to collect twelve per cent. interest is not one of the errors assigned in the petition, and does not affect the validity of the order laying the assessment.      *Petition dismissed.*