## COMMONWEALTH *vs.* JOSEPH UHRIG.

Middlesex. February 3, 1888. — February 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Evidence — United States Tax Receipt — Constitutional Law.*

The St. of 1887, c. 414, § 2, providing that the posting on premises described in § 1 of a " United States tax receipt as a dealer " in certain liquors, shall be "*prima facie* evidence " that he or his agent in charge " keeps for sale and sells such liquors," is valid so far as it authorizes evidence of such posting.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement used for the illegal sale and keeping for sale of intoxicating liquors from May 1, 1887, to September 19, 1887.

At the trial in the Superior Court, on appeal, before *Aldrich*, J., it was admitted that the defendant was the proprietor and

had control of the Prospect House, a public hotel in Cambridge. The district attorney called as a witness one Batchelder, and asked him the following question : " During the time covered by the complaint did you see posted in the defendant's premises a United States tax receipt as a dealer in spirituous or intoxicating liquors other than malt liquors ? "

The defendant objected to the question, upon the ground that the St. of 1887, c. 414, so far as it authorized the introduction of such evidence, was unconstitutional and void. The judge overruled the objection, and the witness answered the question in the affirmative.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. E. Fales*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. The fact that the defendant kept posted in his premises a United States tax receipt running to him as a dealer in spirituous or intoxicating liquors, is competent evidence that he kept the premises for the sale of liquor, irrespective of the provisions of the St. of 1887, c. 414.

So far as that statute authorizes the introduction of such evidence, it is merely declaratory of the common law, and is valid. In the case at bar, the only ruling was that the evidence was admissible ; no ruling was asked or given as to the weight or effect of the evidence. The ruling given was clearly right, and we cannot properly consider any question not raised by the bill of exceptions.                                    *Exceptions overruled.*