*Exceptions overruled.*

JOSEPH T. LODGE & another *vs.* SAMUEL E. FLETCHER & others.

Hampden.    September 22, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Prohibition.    Chicopee.*

A writ of prohibition cannot be issued to prevent a proceeding which is not judicial.

An investigation by the board of aldermen of the city of Chicopee, of the granting of licenses by the licensing board of that city, is not a judicial proceeding, and consequently a writ of prohibition will not be issued to restrain the aldermen from conducting it.

Under St. 1897, c. 239, the board of aldermen of the city of Chicopee cannot act in a judicial capacity in an investigation of the granting of licenses by the licensing board of that city.

KNOWLTON, C. J.    This is a petition for a writ of prohibition to restrain the defendants, members of the board of aldermen of Chicopee, from proceeding with a hearing or investigation of conduct of the petitioners as members of the licensing board of said city, appointed under the provisions of the R. L. c. 100, § 3. The case was heard before a single justice upon the petition, answer, and an agreed statement of facts, and, after ruling that a writ of prohibition should not issue, he reserved the case for the full court. All the averments of matters of fact contained in the pleadings are agreed to be true.

It appears that the board of aldermen passed an order that

they " enter upon an investigation in reference to the granting
of junk dealers' licenses and other matters during this and
preceding years," and provided for the summoning of witnesses
and the attendance of the city solicitor, and, in the order, gave
authority to persons summoned as witnesses to be represented
by counsel.   The petitioners and many other persons were sum-
moned as witnesses, and the hearing was begun.   Numerous
affidavits had previously been filed with the board of aldermen,
in relation to the granting of licenses to junk dealers, some
of them setting forth the payment of money to secure such
licenses.   Three other affidavits have been filed, referring to
conduct of one, at least, of the petitioners, in reference to the
granting of liquor licenses.   In regard to the investigation as
to the granting of junk dealers' licenses no question is made.
After testimony had been received in regard to that subject, a
witness was asked a question as to liquor licenses, and he re-
fused to answer.   Without further action or apparent attempt
at action the aldermen adjourned the investigation, and this
petition was brought.   It appears by the averments of the an-
swer that the respondents never assumed jurisdiction over the
petitioners, nor intended to assume such jurisdiction; that no
charges were formally preferred against the petitioners or against
any officers of the city, although some of the affidavits already
referred to implied improper conduct on the part of one or more
of them, and no persons were summoned before the aldermen
except as witnesses.   The respondents "admit that they have
no authority to deal directly with, or to take action directly
against, or exercise any authority over said petitioners as mem-
bers of the board of license commissioners, and that they have no
authority to compel witnesses to attend and testify before said
board relative to any action of said petitioners as members of
said board of license commissioners."   They aver that it was
their privilege and duty, as the only representative legislative
body in the city, to receive any evidence which might be volun-
tarily laid before them that may tend to show misconduct on
the part of any officer of the city, to the end that they may
take proper action to prevent the continuance of such miscon-
duct, if any is found to exist.

Upon these facts it is plain that the court ought not to issue

a writ of prohibition. Such a writ can only issue to prevent improper judicial action. It appears that the respondents are not acting judicially, or assuming authority to pronounce any judgment which will affect the rights of anybody. The aldermen of Chicopee, under the charter of the city, are a legislative body constituting the entire legislative department of the city. St. 1897, c. 239, § 2. It can act judicially only for certain specified purposes under the laws. It cannot act judicially in such an investigation as was proposed. There is, therefore, no ground on which the writ can be issued. *Washburn* v. *Phillips*, 2 Met. 296. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 58. *Hyde Park* v. *Wiggin*, 157 Mass. 94, 99. *Smith* v. *Whitney*, 116 U. S. 167. *In re Radl*, 86 Wis. 645. *Ex parte Death*, 18 Q. B. 647. *In re Local Government Board*, 16 L. R. (Ir.) 150. How far and with what effect the investigation can proceed upon testimony voluntarily offered, it is not necessary in this case to consider.

*Petition dismissed.*

*C. T. Callahan*, for the petitioners.
*L. E. Hitchcock*, for the respondents.