FRANK JORDAN *vs.* ELIZABETH A. CARBERRY.

Norfolk.   January 15, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Dog.   License.   Evidence.*

The issuing of a dog license by a town clerk in the name of a certain person as owner is not evidence that the licensee was the owner of the dog, if it is not shown by whom the license fee was paid, or at whose request the license was issued.

TORT for injuries from the bite of a dog of which the defendant was alleged to be the owner or keeper. Writ dated September 22, 1902.

At the trial in the Superior Court before *Schofield*, J., the jury returned a verdict for the plaintiff, assessing double damages in the sum of $250. The defendant alleged exceptions.

*J. P. Leahy & J. D. Drum*, for the defendant, submitted a brief.

*C. C. Barton, Jr.*, for the plaintiff.

KNOWLTON, C. J. This action was brought to recover damages for the bite of a dog of which the defendant was alleged to be the owner and keeper. The plaintiff introduced evidence tending to show that the defendant was the keeper of the dog,

and he did not attempt to prove that she was the owner of it. The defence was, that one Clifton B. Carberry was the owner and keeper, and to prove this a license issued by the town · clerk to him as owner was offered in evidence. This was excluded, subject to the defendant's exception. No evidence was introduced to show by whom the license fee was paid, except that the fee for one year was paid by the defendant. There was no evidence to show at whose request the license was issued, or that Clifton B. Carberry had anything to do with the issuing of it. It was admitted that Clifton B. Carberry would testify, if present, that he was not the owner or keeper of the dog, and that he never paid a license fee for the dog and knew nothing about the license fee.

This exception presents the only question before us. The issuing of a dog license has effect, as evidence of ownership in the licensee, only when knowledge is brought home to him in such a way as to connect him with it. The independent act of the town clerk, or the action of the clerk at the request of another party, is not evidence against the person named as licensee. The fact that one's name is on the voting list of a city or town is no evidence of his residence there, unless it is shown that it was put on the list with his knowledge and consent. *Sewall* v. *Sewall,* 122 Mass. 156, 162. The act of assessors in taxing property of a person as owner is no evidence of ownership unless he pays the tax, or is otherwise connected with the assessment. *Mead* v. *Boxborough,* 11 Cush. 362. *Commonwealth* v. *Heffron,* 102 Mass. 148, 152.

In the present case the act of the town clerk lacks all the elements necessary to give it effect as evidence against the licensee, or in favor of third persons. See *Burns* v. *Stuart,* 168 Mass. 19.

*Exceptions overruled.*