LAURA H. SMITH *vs.* SELECTMEN OF NORWOOD & another.

Suffolk.    November 19, 1915. — March 3, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Prohibition, Writ of.    Way,* Public.

The writ of prohibition is not available for the review and setting right of consummated wrongs but only for the prevention of wrongful acts threatened or justly apprehended.

The function of the writ of prohibition is to restrain judicial or *quasi* judicial tribunals from exceeding their jurisdiction, and it is not available for the purpose of restraining executive, administrative or legislative officers or bodies from acting where they have no authority.

Where the selectmen and the superintendent of construction of streets of a town have given notice to a landowner to remove within thirty days all trees, fences and other property from a certain portion of his land, but have not entered upon or taken possession of his land for the purpose of constructing a way or authorized any one else to do so, and where they have not undertaken or determined to assess any betterment taxes upon his land, there is no occasion to grant a petition of the landowner for a writ of prohibition to restrain the assessment of betterments, because it does not appear that any such assessment is impending or designed.

RUGG, C. J. This petition for a writ of prohibition was heard upon the petition and answer,* it being agreed that all the facts set forth in the answer were true. It must be considered on that footing.

The ground of the petition is that the town of Norwood has attempted to take, for the purposes of a public way, land of the petitioner, by proceedings which are so defective as to amount to a nullity. These proceedings ended with a vote by the town on July 23, 1914. The respondents are the selectmen and the superintendent of construction of streets of that town. On June 1, 1915, the respondent selectmen gave notice to the petitioner to remove within thirty days all trees, fences and other property upon such land of the petitioner. But they have not entered upon or taken possession of the land for purposes of constructing the way, nor authorized any one else so to do; nor have they undertaken nor

---

* By *Braley,* J., who ruled that the petition should be dismissed, and at the request of the petitioner reported the case for determination by the full court.

determined to assess any betterment taxes upon land of the petitioner or of any one else, and they "will not undertake to determine what special benefit or advantage, if any, the petitioner's remaining land, or any other land, has received for the purpose of assessing betterments, until said work of constructing said way has been completed as provided by law."

Manifestly, upon these facts no ground exists for the issuance of a writ of prohibition. The proceedings as to the location of this public way, if it be assumed that they involved any judicial faculty or power, have long been ended. Nothing more can be done and nothing is projected in that regard. They stand or fall upon the basis of facts accomplished months before this petition was filed.

The writ of prohibition is not available for the review and setting right of consummated wrongs, but only for the prevention of those threatened or justly apprehended as likely to come. The writ is preventive and not corrective. It looks to the future and not to the past. The function of that writ is to restrain excesses of jurisdiction intended to be committed by judicial or *quasi* judicial tribunals, officers and boards. It is not available for the purpose of restraining executive, administrative or legislative officers or bodies from acting where they have no authority.

The assessment of betterments by the respondent selectmen is the only possible judicial or *quasi* judicial function within the perspective of this petition. But the exercise of that power is not impending nor designed. Whether it will ever be undertaken is wholly conjectural. In any event, it is a long distance in the future. The road never may be constructed. The location may be allowed to lapse without entry. The road may be discontinued. If ever constructed, it may be so plain that no special benefit has been conferred upon the petitioner's remaining land that no attempt at betterment assessment will be thought of. There is, therefore, no assertion of intent or of power to exercise any judicial jurisdiction.

Without reaching the question whether there is any defect in the proceedings as to the location of the way, it is plain that there is no occasion to inquire into that subject by this petition. *Washburn* v. *Phillips*, 2 Met. 296. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50. *Lodge* v. *Fletcher*, 184 Mass. 238. See *Pickford* v. *Mayor & Aldermen of Lynn*, 98 Mass. 491.

There is nothing inconsistent with this conclusion in *Day* v. *Aldermen of Springfield,* 102 Mass. 310, where the facts were quite different.

*Petition dismissed.*

*S. R. Cutler,* for the petitioner.
*J. A. Halloran,* for the respondents.