## COMMONWEALTH *vs.* CARRIE LAPOINTE.

Hampden.    September 25, 1917. — October 20, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Permitting Building to be used for Prostitution. Constitutional Law. Evidence,* In corroboration, Circumstantial.

At the trial of a complaint under R. L. c. 101, § 11, as amended by St. 1914, c. 624, § 14, for permitting a building under the defendant's control to be used for prostitution, assignation and lewdness, where the complaint contains only one count and charges no other offence, it is error for the presiding judge to instruct the jury that, if the defendant let the building knowing at the time she let it that the tenant was to use the premises for the purposes prohibited by the statute, they could find the defendant guilty, because letting a building for the purposes of prostitution, assignation and lewdness is a separate and different crime defined in the same section of the statute, and under art. 12 of the Declaration of Rights no defendant can "be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him."

At the trial of a complaint under R. L. c. 101, § 11, as amended by St. 1914, c. 624, § 14, for permitting a building under the defendant's control to be used for prostitution, assignation and lewdness, where evidence has been introduced tending to show the control of the defendant over the house in question, two internal revenue receipts for taxes paid for the sale of intoxicating liquors issued to the defendant and found enclosed in envelopes in a desk in the house in question properly may be admitted in evidence as tending to corroborate the evidence in regard to the defendant's control over the house.

COMPLAINT, signed and sworn to on April 25, 1917, under R. L. c. 101, § 11, as amended by St. 1914, c. 624, § 14, charging that the defendant at Holyoke "during the three months next preceding the making of this complaint, while having under her control a certain building situated [as described] did knowingly permit said building to be used for the purposes of prostitution, assignation and lewdness."

In the Superior Court the defendant was tried before *Hamilton,* J. A motion to quash the complaint was denied by the judge. The defendant excepted to the admission in evidence of two internal revenue tax receipts as described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. If the jury find that Lena Neilson had control of the property in question the defendant can not be convicted.

"2. In order to find the defendant guilty the jury must find that she was in control of the property in question.

"3. If the jury find that Lena Neilson rented the property in question from the defendant the defendant can not be found guilty."

The judge refused to make these rulings except so far as they were incorporated in his charge. He gave to the jury, among other instructions, the instruction which is quoted in the opinion and to which the defendant excepted. The judge returned a verdict of guilty; and the defendant alleged exceptions.

*J. O'Shea,* for the defendant.

*J. B. Ely,* District Attorney, for the Commonwealth.

RUGG, C. J. Three different acts are made punishable by R. L. c. 101, § 11, as amended by St. 1914, c. 624, § 14. If a person who (1) owns or has control of a building or tenement knowingly lets it for purposes of prostitution, assignation or lewdness, or (2) knowingly permits a building or tenement or any part thereof while under his control to be used for such purposes, or (3) after due notice of such use omits to take all reasonable measures to eject therefrom the persons occupying the same as soon as it lawfully can be done, he shall be punished. The acts thus specified are separate and distinct, each from the others. One does not include either of the others.

. The complaint in the case at bar charged that the defendant, "while having under her control a certain building . . . did knowingly permit said building to be used for the purposes" prohibited. It is in a single count and charges no other offence.

Manifestly the only crime charged is the second one set out in the statute. There was evidence tending to prove the offence charged. But there was also other evidence having some tendency to show that the defendant, although the owner of the building in question, had rented it to one Neilson, who was in control of it during the time named in the complaint. Upon this state of evidence the jury were instructed, "if you find that she [the defendant] did rent the premises to Lena Neilson, and at the time she rented the premises to Lena Neilson she knew that Lena

Neilson was to use the premises for the purposes prohibited by the statute, then you would have a right to find the defendant guilty."

This instruction was erroneous. It permitted the jury to adjudge the defendant guilty of the first crime described in the statute. The complaint did not charge the commission of that crime, but of another and different crime, namely, the second one described in the statute. The charge to the jury in effect told them that they might report a verdict of guilty provided the evidence satisfied them that she had committed an offence of a character different from that set forth in the complaint. It requires no discussion to demonstrate that this was harmful error. It is a constitutional guaranty that "No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." Art. 12 of the Declaration of Rights.

The argument that, because the premises might have been found to have been let with knowledge that they were to be used for an illegal purpose and hence that the lease in some aspects was void, the defendant was in control as owner, is of no avail to the Commonwealth, for the reason that such letting is the precise crime set forth in the first clause of the instant statute, and therefore it cannot be thought that the Legislature intended the rule as to void leases to be applicable in this connection. *Commonwealth* v. *Wentworth*, 146 Mass. 36.

Two internal revenue tax receipts for the sale of intoxicating liquors issued to Carrie LaPointe enclosed in envelopes were found in a desk in the house in question. They were admitted in evidence subject to the defendant's exception solely as tending to show the connection between the house and the defendant. There was other evidence of control over the house by the defendant. There was no reversible error in this ruling under all the circumstances. The mere issuing of a license in the name of a certain person, without direct or inferential evidence that knowledge of it has been brought home to him, is no evidence against the person named in it. *Jordan* v. *Carberry*, 185 Mass. 181. But documents bearing the name of the owner, when found within a house in connection with other evidential factors, cannot be said to have no legitimate corroborative value tending to show con-

trol over that house.    See *Commonwealth* v. *Uhrig,* 146 Mass.
132.

The motion to quash has not been argued and is treated as
waived.

*Exceptions sustained.*