ALPHONSE DUBE & others *vs.* MAYOR OF FALL RIVER & others.

Bristol.    October 28, 1940. — January 2, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Certiorari.*

Petitioners with no other interest than as taxable inhabitants of a city had no right to a remedy by certiorari to quash proceedings of the mayor and city council respecting establishment of a safety island at a junction of two public ways as a public park and acceptance of an offer to erect a monument thereon.

PETITION, filed in the Superior Court on June 19, 1940, for a writ of certiorari.

The demurrer was heard and was sustained by *Swift*, J.

The case was submitted on briefs in this court.

*A. E. Beaulieu*, for the petitioners.

*G. L. Sisson*, Corporation Counsel, for the respondents.

Cox, J.    This case comes here on the petitioners' appeal from the order of the Superior Court sustaining the respondents' demurrer to the petition for a writ of certiorari.

The petition, which is brought against the mayor and members of the city council of the city of Fall River, recites

that the thirteen petitioners are taxable inhabitants of that city; that in June, 1940, the city council adopted an order that was duly approved by the mayor, in which it is recited that whereas a committee for the celebration of the eight hundredth anniversary of the foundation of Portugal has offered to give said city a statue in honor of "Prince Henry, the Navigator," and at its own expense to erect said "monument . . . upon the safety island now located at the junction of Eastern Avenue and Pleasant Street, and lying northerly of the northerly line of Pleasant Street," it is ordered that "said safety island now under the care, supervision and maintenance of the department of public works be, and is hereby set aside as a public park and from henceforth shall be under the care, supervision and maintenance of the park department"; and it is further ordered that the gift of said statue be accepted on condition that said committee shall, at its own expense, erect "on said location said monument, including the foundation and all incidentals in connection therewith," and that the committee be authorized to proceed with the erection of the monument. The petition further alleges that the order "seeks" to incur obligations purporting to bind the city to care for, supervise and maintain as a public park certain portions of an existing public way; that it is illegal in that it seeks to discontinue a portion of a public highway, in that it attempts to create a public park without sanction of law over land already dedicated and used for highway purposes, and in that it attempts to authorize private individuals to erect a statue in a portion of an existing public way, thereby constituting an obstruction to public travel; and that it seeks to create a public park in a public way and to place it under the care, supervision and maintenance of the park commissioners contrary to law, thereby inviting the illegal expenditure of funds raised by taxation. The demurrer assigned five causes, all of which raised, in effect, the right of the petitioners to maintain their petition, and it was sustained without specifying any particular grounds.

If, from the language of the order of the city council, it can be said that the city is about to incur obligations pur-

porting to bind it for any purpose or object, or in any manner other than that for and in which the city has the legal and constitutional right and power to do so, there is a remedy provided to prevent such action by G. L. (Ter. Ed.) c. 40, § 53, upon the petition in equity of not less than ten taxable inhabitants. This remedy is exclusive. *Butler* v. *Selectmen of Wakefield*, 269 Mass. 585, 587. See *Finlay* v. *Boston*, 196 Mass. 267, 270; *Loring* v. *Westwood*, 238 Mass. 9, 11; *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258; *Tuckerman* v. *Moynihan*, 282 Mass. 562, 569; *Amory* v. *Assessors of Boston*, 306 Mass. 354.

The petitioners contend that the order of the city council seeks to discontinue a portion of a public highway and, without authority, to create a public park. We are of opinion, however, that the petitioners, upon their allegations, have no standing. The general rule is that the function of a writ of certiorari is to correct substantial errors of law committed by a judicial or *quasi* judicial tribunal which are not otherwise reviewable by a court. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 458, 459. Upon the petition of proper parties, the writ is available for the purpose of reviewing the action of municipal authorities in laying out, altering and discontinuing public highways. *Fisk* v. *Springfield*, 116 Mass. 88. *Davis* v. *County Commissioners of Hampshire*, 153 Mass. 218. *Hammond* v. *County Commissioners of Worcester*, 154 Mass. 509. The only interest of the petitioners is found in the allegation that they are taxable inhabitants of the city. It is a general rule that ordinarily one cannot maintain a private action for a loss or damage that he suffers in common with the rest of the community, even though his loss may be greater in degree. *Davis* v. *County Commissioners of Hampshire*, 153 Mass. 218, 222, 223. In *Hammond* v. *County Commissioners of Worcester*, 154 Mass. 509, 511, it was said: "If the public, or any part of it, are injuriously affected by erroneous action . . . . in laying out or discontinuing a way, their remedy must be sought through the Attorney General." *L'Homme* v. *Winchendon*, 288 Mass. 291, 293. *Wine* v. *Commonwealth*, 301 Mass. 451, 458. See *Loring* v. *Bryant*, 281 Mass. 372.

In the circumstances, it is unnecessary to consider whether the order of the city council amounted to a discontinuance of any public way.  See *Eklon* v. *Chelsea,* 223 Mass. 213, 215, 216.

The case at bar is distinguishable from those in which a party whose interests are injuriously affected in a manner not suffered by the rest of the community may invoke the aid of a writ of certiorari.  See *Powers* v. *City Council of Springfield,* 116 Mass. 84, 87.

For the same general reasons we are of opinion that it was not open to the petitioners in this form of proceeding to question the action of the city council in so far as it relates to the establishment of a public park and authorizes the erection of the monument.  Here again, there is nothing to indicate that the petitioners stand in any position different from the public generally, or that the action of the city council does not affect all persons alike without causing any special or peculiar damage to them.  Whatever private injury may be said to arise in such case is common to all citizens, and the right is to be vindicated on the petition of the Attorney General or some officer representing the Commonwealth.  *Warner* v. *Mayor of Taunton,* 253 Mass. 116, 118.  "The public interests are entrusted to the Attorney General."  *Donham* v. *Public Service Commissioners,* 232 Mass. 309, 328, 329, and cases cited.

It has been said in connection with the right to petition for mandamus, where the petitioners have no right or interest beyond that of the taxpayers generally, that where the question is one of public right and the object of the proceeding is to compel the performance of a public duty not due to the government as such, and no other remedy is open, a private person may move without showing that he has any legal or special interest in the result beyond his interest as a citizen in the execution of the laws.  *Tuckerman* v. *Moynihan,* 282 Mass. 562, 568, 569, and cases cited.  See *Horton* v. *Attorney General,* 269 Mass. 503, 508, 509.  Compare *McGlue* v. *County Commissioners of Essex,* 225 Mass. 59; *Warner* v. *Mayor of Taunton,* 253 Mass. 116.  We are of opinion, however, that the mere statement of this rule demonstrates that

there is no occasion even to consider whether it should have any application by analogy to the case at bar.

The demurrer was rightly sustained, and the petition should be dismissed with costs.

*So ordered.*