DONALD W. HOWE & others *vs.* TOWN OF WARE.

Hampshire.    September 17, 1953. — November 3, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Equity Jurisdiction*, Taxable inhabitants' suit, Support of public schools.
   *Evidence*, Best and secondary, Public record.   *Words*, "Taxable in-
   habitant."

A proceeding under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St.
   1939, c. 294, to establish a deficiency in a public school appropriation
   can be instituted only by those specifically authorized by the statute.
   [488]
A taxable inhabitant of a town within the meaning of G. L. (Ter. Ed.)
   c. 71, § 34, as appearing in St. 1939, c. 294, is a person who lives within
   its territorial bounds and is subject to a local tax assessment there.
   [488]
At the trial of a suit in equity under G. L. (Ter. Ed.) c. 71, § 34, as ap-
   pearing in St. 1939, c. 294, wherein the question whether or not the
   petitioners were taxable inhabitants of the town was in issue, it was
   error for the judge to admit testimony by the town clerk that from
   his examination of the tax list made by the assessors under c. 59, § 43,
   as amended, the names of ten of the petitioners appeared thereon,
   and to make a finding accordingly, where the list itself, the best evi-
   dence, was available although not offered.   [489]

PETITION, filed in the Superior Court on December 14,
1950.

The case was heard by *Meagher*, J.

In this court the case was submitted on briefs.

*John I. Robinson*, for the petitioners.

*Patrick S. Martowski*, Town Counsel, *John T. Storrs*, &
*Emerson S. Searle*, for the respondent.

WILLIAMS, J.   This is a petition under G. L. (Ter. Ed.)
c. 71, § 34, as appearing in St. 1939, c. 294, by twelve alleged
taxable inhabitants of the town of Ware to determine the
amount of a deficiency in the appropriation by the town for
the support of the public schools for the year 1950 and to
order the town to provide a sum of money equal to the de-
ficiency, together with a sum equal to twenty-five per cent

thereof. A preliminary question for decision is raised by the respondent's answer which denies that the petitioners are taxable inhabitants of the town. See *MacRae* v. *Selectmen of Concord*, 296 Mass. 394, 396. A judge of the Superior Court found that of the twelve petitioners ten were on the tax rolls of the assessors of the town for the year 1950, but stated that he was "not satisfied that . . . [they] have sustained the burden of proving that they were taxable inhabitants of the town . . . at the time of the commencement of the petition." He entered a final decree dismissing the petition and the petitioners appealed.

The statute under which the petition is brought provides in part that in case a town fails to provide necessary money for the support of the public schools a petition in equity may be brought by ten or more taxable inhabitants or by the Attorney General (see *Attorney General* v. *Ware*, 328 Mass. 18) to enforce the obligation of the town. The remedy so provided supersedes that formerly furnished by indictment, complaint, or action of tort. *School Committee of Lowell* v. *Mayor of Lowell*, 265 Mass. 353, 356. There is no general jurisdiction in equity in this Commonwealth to entertain a suit by individual taxpayers for the purpose set forth in this petition. See *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 259, and cases cited. The present proceeding, being purely statutory, can be instituted only by those specifically authorized by the statute (see *Richards* v. *Treasurer & Receiver General*, 319 Mass. 672, 675), that is, by ten persons having the requisite qualifications. See *Carlton* v. *Salem*, 103 Mass. 141, 143; *Butler* v. *Selectmen of Wakefield*, 269 Mass. 585, 587. The petition was filed on December 14, 1950, and whether the petitioners, or any of them, were taxable inhabitants on that date were questions of fact. *O'Connor* v. *Brockton*, 308 Mass. 34, 35.

A taxable inhabitant of a town within the meaning of the statute in question is a person who not only lives within its territorial bounds but is subject to a local tax assessment. The burden was upon the petitioners to prove their standing. The only evidence which they offered on this point

was the testimony of the town clerk who testified, subject to the respondent's exception, that he borrowed the tax rolls of the town from the assessors and that from an examination of these rolls the names of ten of the twelve petitioners appeared thereon. It is assumed that, in testifying concerning the tax rolls, the town clerk referred to the tax list which it was the duty of the assessors to make and deposit in their office or with their chairman for public inspection. G. L. (Ter. Ed.) c. 59, § 43. As a record of public officers made in the course of their official duty it would have been admissible in evidence to show what persons were assessed taxes in the town but was not evidence as to the ownership of property by these persons, *Jordan* v. *Carberry,* 185 Mass. 181, 182, or of their places of residence. *Sewall* v. *Sewall,* 122 Mass. 156, 163. See *Commonwealth* v. *Heffron,* 102 Mass. 148. The record, however, was not offered and the town clerk was allowed to testify as to its contents. His testimony was inadmissible even as evidence of the facts which the record could properly have been used to prove. The tax list was the best evidence and was available. Its contents could not be proved by secondary evidence. *Robbins* v. *Townsend,* 20 Pick. 345, 349. *Hobart* v. *Plymouth,* 100 Mass. 159, 166. *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 191. *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605. *New England Box Co.* v. *C & R Construction Co.* 313 Mass. 696, 702. The judge erred in admitting the testimony and in making a finding based upon it that the petitioners were on the tax rolls of the assessors for 1950. His conclusion that the petitioners had failed to prove that they were taxable inhabitants of Ware, however, was correct. The final decree is affirmed with costs to the respondent.

*So ordered.*